## MISTROT v. COMMISSIONER OF INTERNAL REVENUE (two cases).

## COMMISSIONER OF INTERNAL REVENUE v. MISTROT.

### SAME v. MISTROT'S ESTATE.
### Nos. 8037, 8066.

Circuit Court of Appeals, Fifth Circuit.
June 30, 1936.

Austin F. Anderson, of Fort Worth, Tex., for J. L. Mistrot and another.

Robert H. Jackson, Asst. Atty. Gen., Harry Marselli and Sewall Key, Sp. Assts. to Atty. Gen., and Herman Oliphant, Gen. Counsel, Dept. of Treasury, and Lloyd W. Creason, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

These cases present an appeal and cross-appeal from a decision of the Board of Tax Appeals. They were consolidated for argument and may be disposed of by one opinion.

J. L. Mistrot and his wife, residents of Texas, filed separate returns for community income taxes for the year 1929. The Commissioner determined deficiencies of $10,151.54 as to each taxpayer. The wife died before the notice of deficiency was served and her husband, having qualified as her administrator, prosecuted an appeal on his own behalf and for her estate to the Board of Tax Appeals. A hearing was had and evidence was taken at Dallas in 1933. The Board thereafter affirmed the decision of the Commissioner. Subsequently, a rehearing was granted and on a review of the record the deficiency was reduced to $6,685.29 in each case.

The question presented for decision is whether some thirty-eight pieces of real estate in Fort Worth and one piece in Dallas, received by the taxpayers in exchange for certain shares of stock, had no fair market value, as contended by the taxpayers, had a fair market value of $100,000 as fixed by the Board, or $155,460, as determined by the Commissioner.

Of course, if the property had any fair market value that was to be consid-

546

ered in determining the loss or gain on the transaction, for the purpose of computing income taxes. Revenue Act 1928, § 111 (c), 26 U.S.C.A. § 111 and note.

It appears without dispute that the property in Fort Worth consisted of small residences in the suburbs, some at least ten blocks from a street car line, and on dirt roads. It had been built for speculation and the construction was flimsy. In 1929, when it was acquired by the taxpayers, all of it was in more or less bad condition and most of it would require extensive major repairs to make it habitable. Some of it was occupied and brought in about $900 a month in rent. In addition to the testimony of Mistrot, which tended to support his contention, the testimony of three witnesses, offered by Mistrot, tended to show that in their opinion none of the property could be disposed of at a regular sale at that time, as no one would want to buy and pay for it and assume the responsibilities of repairs, taxes, and other charges, but that some of it might be sold on deferred payments, equivalent to a rental basis. Three witnesses, introduced on behalf of the Commissioner, gave their opinions respectively fixing the fair market value at $142,855, $145,130, and $136,850.

▆▆▆ It is the province of the Board to consider and decide questions of fact, to weigh the evidence submitted, and to determine its probative effect. It is well settled that a decision by the Board on a question of fact, based upon conflicting evidence, is to be considered the same as the verdict of a jury and is not subject to review by the courts if there is any substantial evidence to support it. Avery v. Commissioner (C.C.A.) 22 F.(2d) 6, 55 A.L.R. 1277; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. From memorandum opinions in the record, it is clear that the Board carefully considered the evidence of all the witnesses, the condition of the property, its earning capacity, and the general business situation existing at the time of the transaction. We consider that the decision of the Board is sufficiently supported by the evidence in the record.

The only assignments of error by either party that are relied upon and pressed run to the determining of the fair market value of the property. The record presents no reversible error. The petitions of the taxpayers and of the Commissioner are denied and the judgment of the Board is affirmed.