## COMMISSIONER OF INTERNAL REVENUE *v.* SCOTTISH AMERICAN INVESTMENT CO., LTD.

NO. 52.

Argued November 16, 1944.—Decided December 4, 1944.

---

[10] Act of Aug. 13, 1894, 28 Stat. 278, § 1, 31 U. S. C. § 425. See notes 4 and 6, *supra.*

*Mr. J. Louis Monarch,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Mr. Sewall Key,* and *Miss Helen Goodner* were on the brief, for the Commissioner of Internal Revenue.

*Mr. Marion N. Fisher,* with whom *Mr. George Craven* was on the brief, for the taxpayers.

MR. JUSTICE MURPHY delivered the opinion of the Court.

We are confronted here with another aspect of the problem of the judicial reviewability of Tax Court determinations.

The three taxpayers involved in these cases are investment trusts organized under the laws of Great Britain, with principal offices in Edinburgh, Scotland. Each is engaged in the business of investing the funds of its security holders for the primary purpose of deriving income from investments. The Tax Court, formerly known as the Board of Tax Appeals, has held that these taxpayers

had an "office or place of business" within the United
States during the four years in question and hence were
entitled to be taxed as resident foreign corporations under
§ 231 (b) of the Revenue Acts of 1936 and 1938. 47
B. T. A. 474. Such a holding would result in substantial
tax savings that would be unavailable to them had they
not maintained such an office in this country. The tax
returns for the various years having been filed in different
collectors' offices, the Commissioner appealed to two Cir-
cuit Courts of Appeal.[1] The Circuit Court of Appeals for
the Fourth Circuit, dealing with the 1936 and 1937 tax
returns, affirmed the Tax Court's decision as to those
years. 139 F. 2d 419. But the Circuit Court of Appeals
for the Third Circuit, considering the identical facts and
substantially the same statutes and regulations, held that
the taxpayers did not have an office or place of business
within the United States during 1938 and 1939; the de-
cision of the Tax Court as to those years was accordingly
reversed. 142 F. 2d 401. The irreconcilable conflict be-
tween the two courts below led us to grant certiorari.

The Tax Court made virtually undisputed findings of
fact which need not be repeated here in detail. In brief,
it was found that the three taxpayers jointly appointed a
member of an American accounting firm as their assistant
secretary. He was instructed to establish and maintain an
office in the United States for them in order to obtain bet-
ter representation of their interests in this country, large
amounts of American securities being held as investments
by them. By establishing this office they also sought

---

[1] The taxpayers' returns for 1936 and 1937 were filed with the
Collector of Internal Revenue for the District of Maryland. The
1938 and 1939 returns were filed with the Collector of Internal Rev-
enue at Newark, N. J. Under § 1141 of the Internal Revenue Code,
decisions of the Tax Court may be reviewed by the Circuit Court
of Appeals for the circuit in which is located the Collector's office
where the tax return is filed.

to obtain certain tax advantages. The office was accordingly opened and two full-time assistants to the assistant secretary were employed. The American securities were kept in the custody of two banks, through which the securities were bought and sold, and assistance on certain matters was obtained from the accounting firm. This office of the taxpayers kept full records concerning all American holdings, collected and received dividends on such holdings, acted on proxies and performed other duties relative to the maintenance of these investments. The assistant secretary made periodic financial, economic and political reports to the home offices, as well as specific reports concerning particular holdings. United States tax returns were prepared in this office and local expenses were disbursed therefrom. All decisions as to the buying and selling of securities and as to investment policies, however, were made by the home offices in Edinburgh.

Certain inferences and conclusions were then drawn from these facts by the Tax Court. It refused to consider each separate activity in this office apart from its integral relation to the entire investment trust business and was of the opinion that "an office handling affairs to this extent must be regarded as real and substantial. It was here that a very large part of the affairs of petitioners in this country were taken care of." The Tax Court further concluded that this office was not a sham but was a place for the necessary transaction of the American affairs of the taxpayers; "the office was used for the regular transaction of business and not as a place where casual or incidental transactions might be, or were, effected."

Utilizing the provisions of § 231 (b) and of the regulations promulgated thereunder,[2] the Tax Court reached the

---

[2] Section 231 (b) of both the Revenue Acts of 1936 and 1938 provides for taxes on resident foreign corporations, defining them as "a foreign corporation engaged in trade or business within the United States or having an office or place of business therein." Revenue Act of 1936,

ultimate conclusion that the taxpayers maintained an office or place of business within the United States and were therefore entitled to be taxed as resident foreign corporations. There is no charge here that the Tax Court failed to follow the applicable statutes or regulations. No clear cut mistake of law is alleged. Nor are any constitutional issues involved. The sole issue revolves about the propriety of the inferences and conclusions drawn from the evidence by the Tax Court. The taxpayers claim that these determinations are supported by substantial evidence and hence were not reversible by an appellate court. The Commissioner charges that the facts demonstrate that the American office was not intended to be used for the transaction of the regular business of making investments and that it was improper as a matter of law to classify the taxpayers as resident foreign corporations.

The answer is to be found in a proper realization of the distinctive functions of the Tax Court and the Circuit Courts of Appeal in this respect. The Tax Court has the primary function of finding the facts in tax disputes,

c. 690, 49 Stat. 1648, 1717; Revenue Act of 1938, c. 289, 52 Stat. 447, 530. The Tax Court and the two courts below did not pass upon the Commissioner's contention, renewed before us, that the taxpayers were not "engaged in trade or business" within the meaning of this section. We likewise do not discuss that claim here since it is sufficient if it be found that the taxpayers in this case had "an office or place of business" in this country. See *B. W. Jones Trust* v. *Commissioner*, 132 F. 2d 914, 917.

Art. 231–1 of Treasury Regulations 94, promulgated under the Revenue Act of 1936, provides in part: "Whether a foreign corporation has an 'office or place of business' within the United States depends upon the facts in a particular case. The term 'office or place of business,' however, implies a place for the regular transaction of business and does not include a place where casual or incidental transactions might be, or are, effected." Art. 231–1 of Treasury Regulations 101, promulgated under the Revenue Act of 1938, and § 19.231–1 of Treasury Regulations 103, applying to the year 1939, are substantially the same.

weighing the evidence, and choosing from among conflicting factual inferences and conclusions those which it considers most reasonable. The Circuit Courts of Appeal have no power to change or add to those findings of fact or to reweigh the evidence. And when the Tax Court's factual inferences and conclusions are determinative of compliance with statutory requirements, the appellate courts are limited to a determination of whether they have any substantial basis in the evidence. The judicial eye must not in the first instance rove about searching for evidence to support other conflicting inferences and conclusions which the judges or the litigants may consider more reasonable or desirable. It must be cast directly and primarily upon the evidence in support of those made by the Tax Court. If a substantial basis is lacking the appellate court may then indulge in making its own inferences and conclusions or it may remand the case to the Tax Court for further appropriate proceedings. But if such a basis is present the process of judicial review is at an end. *Helvering* v. *National Grocery Co.*, 304 U. S. 282, 294; *Wilmington Trust Co.* v. *Helvering*, 316 U. S. 164, 168; *Commissioner* v. *Heininger,* 320 U. S. 467, 475; *Dobson* v. *Commissioner*, 320 U. S. 489.

Our examination of the record convinces us that the factual inferences and conclusions of the Tax Court are supported by substantial evidence. While decisions as to the purchase and sale of American securities were made in the Edinburgh offices, there was abundant evidence that the American office performed vital functions in the taxpayers' investment trust business. The uncontradicted evidence showed that this office collected dividends from the vast holdings of American securities and did countless other tasks essential to the proper maintenance of a large investment portfolio. Although some matters pertaining to the American business were taken care of by others, this office performed a very substantial part

of these duties and could be held to have satisfied the statutory requirements. We cannot say that it was unreasonable for the Tax Court to conclude that this office was more than a sham and that it was used for the regular transaction of business. Hence it was proper as a matter of law for the Tax Court to classify the taxpayers as resident foreign corporations under § 231 (b). We do not decide or imply that the contrary inferences and conclusions urged by the Commissioner are entirely unreasonable or completely unsupported by any probative evidence. We merely hold that such contentions are irrelevant so long as there is adequate support in the evidence for what the Tax Court has inferred. It follows that the Tax Court's conclusions in this case cannot be set aside on appellate review.

Moreover, this case exemplifies one type of factual dispute where judicial abstinence should be pronounced. The decision as to the facts in this case, like analogous ones that preceded it,[3] is of little value as precedent. The factual pattern is too decisive and too varied from case to case to warrant a great expenditure of appellate court energy on unravelling conflicting factual inferences. The skilled judgment of the Tax Court, which is the basic fact-finding and inference-making body, should thus be given wide range in such proceedings.

The judgment of the Circuit Court of Appeals for the Fourth Circuit is affirmed. The judgment of the Circuit Court of Appeals for the Third Circuit is reversed.

---

[3] See *Linen Thread Co.* v. *Commissioner,* 128 F. 2d 166; *Aktiebolaget Separator* v. *Commissioner,* 45 B. T. A. 243, affirmed in 128 F. 2d 739; *B. W. Jones Trust* v. *Commissioner,* 132 F. 2d 914; Fajardo Sugar Co. *v.* Commissioner, 20 B. T. A. 980; Recherches Industrielles *v.* Commissioner, 45 B. T. A. 253.