**TRANSPORTATION SERVICE ASSOCIATES, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8715.

Circuit Court of Appeals, Third Circuit.

Argued April 3, 1945.

Decided May 9, 1945.

Matthew D. Mackie, of Scranton, Pa. (Mackie, Murphy & Law, of Scranton, Pa., on the brief), for petitioner.

Harold C. Wilkenfeld, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before ALBERT LEE STEPHENS, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This litigation concerns the taxpayer's liability for personal holding company surtax for the years 1939 and 1940. It comes to us on an appeal from the decision of the Tax Court in favor of the Commissioner. The taxpayer here concedes all but two points settled against him by the decision of the court below.

The first point is that the Transportation Service Associates, Inc., distributed its assets in kind in complete liquidation

prior to the close of its fiscal year which ended November 30, 1940. If this position is sustainable, then it had no undistributable profits at the close of the year upon which personal holding company surtax could be laid. Pembroke Realty & Securities Corporation v. Commissioner of Internal Revenue, 2 Cir., 1941, 122 F.2d 252.

The Tax Court decided this question against the taxpayer. It started with the proposition that liquidation is a question of fact. Kennemer v. Commissioner of Internal Revenue, 35 B. T. A. 415 (1937), affirmed 5 Cir., 1938, 96 F.2d 177. It then examined the evidence for and against the conclusion that the liquidation was completed prior to November 30, 1940. To show liquidation there were resolutions of the Directors on November 22 adopting a plan of distribution. There were receipts of signed consents of scheduled distribution to the stockholders prior to the end of the taxable year. On the other hand, the taxpayer's books and its tax return showed that at the end of the taxable year petitioner owned the securities theretofore kept in its portfolio and also showed its liabilities for accounts and notes payable as well as its capital stock liability. In other words, the Tax Court considered the items of evidence which tended to show liquidation prior to November 30 and likewise considered those items tending to show that liquidation did not take place until after the close of the taxpayer's fiscal year. From that the conclusion was drawn and the point made that there was no distribution in liquidation prior to the end of the taxable year. It is the Tax Court's function to draw the conclusion from the evidential facts. Commissioner v. Scottish American Investment Company, Ltd., 1944, 323 U.S. 119, 65 S.Ct. 169. The result reached was supported by substantial evidence. We are not authorized to change it, even if we were inclined to do so.

The taxpayer's second point concerns certain sums which it paid out in 1939 and 1940 for personal services, salaries and interest and were claimed as deductions. The Commissioner disallowed the deductions and was sustained by the Tax Court. The taxpayer contends that while the disallowed items might properly be restored to income for income and excess profits tax purposes they should not be included for the imposition of liability for personal holding company surtax.

The argument is that the money was actually paid out, therefore it is not in the corporation's treasury; since it is not in the corporation's treasury the theory of the personal holding company's surtax is inapplicable. Due credit must be given the taxpayer's counsel for ingenuity in propounding the proposition. It could apply equally well, we think, if the corporation, through its treasurer, passed out its accumulated funds to passersby on the street. We think it clear that when an item is disallowed as a deduction the amount of that item is necessarily chargeable to the taxpayer as income for the incidence of all taxes lawfully imposed. The argument while interesting is unsound.

The decision of the Tax Court is affirmed.