**UNITED STATES et al. v. LALONE et al.**
**No. 10998.**

Circuit Court of Appeals, Ninth Circuit.
Oct. 25, 1945.

Francis M. Shea, Asst. Atty. Gen., and Edward M. Connelly, U. S. Atty., of Spokane, Wash. (Arnold Levy, Sp. Asst. to Atty. Gen., and Hubert H. Margolies, Atty. Dept. Justice, of Washington, D. C., of counsel), for appellants.

Justin C. Maloney, of Spokane, Wash., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal by the Social Security Board from a judgment of the District Court for the Eastern District of Washington [1] reversing a decision of the Board.

Dwight J. LaLone, the wage earner, died on November 20, 1942. On December 7, 1942, plaintiff-appellee filed an application under the Social Security Act, as amended, 42 U.S.C.A. § 301 et seq., for child's insurance benefits on behalf of four infant children. See Section 202(c) of the Act, as amended, 42 U.S.C.A. § 402(c). The Bureau of Old Age and Survivors Insurance of the Social Security Board twice denied her application on the ground that Dwight J. LaLone was not an employee of F. S. Barrett & Co., his alleged employer, from August 1, 1938, to May 1, 1942. Plaintiff thereafter was granted a hearing before a referee on November 15, 1943, and her claim was denied on the ground that Dwight J. LaLone was not an employee of Barrett & Co., but was a partner or joint venturer with that company in the Barrett-LaLone Insurance Agency and was, therefore, not eligible to be classified as an employee under the Act. See Sections 209(a) and (b) of the Act, 42 U.S.C.A. § 409(a, b); cf. Auten v. Michigan Unemployment Compensation Commission, 310 Mich. 453, 17 N.W.2d 249. Under the decision of the referee decedent could not have been a fully or currently insured individual as required by Sections 209(g) and (h) of the Act.

Plaintiff thereupon appealed to the Appeals Council of the Social Security Board. On March 11, 1944, the Council affirmed

[1] Decision reported in 57 F.Supp. 947.

the decision of the referee and adopted his findings and decision as its own. Under the Board's practice the decision of the Appeals Council became the final decision of the Board.

Having exhausted her administrative remedies, plaintiff instituted this action in the District Court against the United States[2] and the Social Security Board to review, pursuant to Section 205(g) of the Act, 42 U.S.C.A. § 405(g), a denial of the child's insurance benefits. The Board has appealed from the District Court's adverse judgment under Section 205(g) of the Act and Section 128 of the Judicial Code, 28 U.S.C.A. § 225.

We do not deem it necessary to relate in detail the facts as found by the referee showing the relationship between LaLone and Barrett & Co. Upon the record before us, we believe that the trial court misconceived its function in this type of action.

Section 205(g) of the Social Security Act provides in part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Board, with or without remanding the cause for rehearing. The findings of the Board as to any fact, if supported by substantial evidence, shall be conclusive * * *."

▮ Under this section of the Social Security Act providing for appeals from an administrative board, as under other similar acts, the board's findings of fact must be sustained if the court finds they are supported by substantial evidence. This same finality extends to the Board's inferences and conclusions from the evidence if a substantial basis is found for them. Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301; Dobson v. Comm., 320 U.S. 489, 501–503, 64 S.Ct. 239, 88 L.Ed. 248; Comm. v. Scottish American Investment Co., Inc., 323 U.S. 119, 65 S.Ct. 169; N.L.R.B. v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; Walker v. Altmeyer, 2 Cir., 137 F.2d 531; Social Se-

curity Board v. Warren, 8 Cir., 142 F.2d 974. In its opinion the District Court recognized these guiding rules, but, after a careful study of the record, we are constrained to the view that the court failed to follow them.

The District Court, in reversing the board's decision, emphasized certain aspects of the evidence before the referee and found that in the light of this evidence the referee failed to follow the applicable regulation.[3] In other instances the District Court drew contrary inferences from conflicting evidence where there was ample warrant in the record for the referee's conclusions. See cases mentioned in the preceding paragraph, especially Comm. v. Scottish American Investment Co., Inc., supra, 323 U.S. at page 124, 65 S.Ct. 169; Walker v. Altmeyer, supra.

The lower court also found that the referee analyzed the relationship between LaLone and Barrett & Co. on the basis of the old common law concept of employee-employer and not on the more liberal interpretation of this relationship as provided in N.L.R.B. v. Hearst Publications, supra, and such cases as Walling v. American Needlecrafts, 6 Cir., 139 F.2d 60, and United States v. Vogue, Inc., 4 Cir., 145 F.2d 609. We do not believe that N.L.R.B. v. Hearst Publications necessitates a ruling in this case that LaLone was an employee of Barrett & Co. In that case the Supreme Court refused to follow the rigid common law concepts of employee-employer in interpreting a statute similar to this one. But the court recognized that: "Myriad forms of service relationship, with infinite and subtle variations in the terms of employment, blanket the nation's economy. Some are within this Act, others beyond its coverage. Large numbers will fall clearly on one side or on the other, by whatever test may be applied. But intermediate there will be many, the incidents of whose employment partake in part of the one group, in part of the other, in varying proportions of weight." 322 U.S., at page 126, 64 S.Ct. at page 858, 88 L.Ed. 1170.

---

[2] A motion to dismiss the action as to the defendant United States because in violation of Section 205(h) of the Social Security Act, 42 U.S.C.A. § 405(h), was not acted upon by the District Court. However, no order was entered against the United States and since the action has been carried on solely to review the decision of the Social Security Board and consent to sue the United States is expressly withheld by Section 205(h), we will not deem as consequential the defect in joining the United States as a party to the proceeding.

[3] Section 403.804 of the Social Security Board Regulations No. 3, defining employment.

Whether Barrett & Co. was a partner or an employer of LaLone is partially a question of interpreting the applicable statutes and regulations and partially a matter of construing surrounding facts. The board's decisions interpreting the Act and regulations are entitled to weight; the board's findings of fact, if supported by substantial evidence, are conclusive. Section 205(g) of the Social Security Act; Gray v. Powell, supra, and associated cases above; Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 53 S. Ct. 350, 77 L.Ed. 796; Bowles v. Wheeler, 9 Cir., 1945, 152 F.2d 34; Consolidated Water Power & Paper Co. v. Bowles, Em. App., 146 F.2d 492; Bowles v. Seminole Rock & Sand Co., 1945, 325 U.S. 410, 65 S.Ct. 1215. We cannot agree with the lower court's decision which fails to find substantial evidence behind the referee's decision and which holds that as a matter of law the referee was mistaken in holding that LaLone had a proprietary interest in the Barrett-LaLone Insurance Agency.

The judgment of the district court is reversed and case remanded with instructions to enter a judgment affirming the decision of the Social Security Board.