**REYNOLDS v. COMMISSIONER OF INTERNAL REVENUE.**

No. 4142.

Circuit Court of Appeals, First Circuit.

May 31, 1946.

Harold E. Staples, of Providence, R. I. (Colin MacR. Makepeace and Tillinghast, Collins & Tanner, all of Providence, R. I., on the brief), for petitioner.

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and J. Louis Monarch and Frank Pace, Jr., Sp. Assts. to Atty. Gen., on the brief), for the Commissioner.

Before DOBIE (by special assignment), MAHONEY, and WOODBURY, Circuit Judges.

DOBIE, Circuit Judge.

This case, arising under the federal income tax laws, is before us on the appeal of R. Foster Reynolds (hereinafter called taxpayer) from a decision of the Tax Court of the United States, holding that the loss incurred by taxpayer from the sale of a piece of jewelry was deductible

only to the extent of 50 per cent of the actual loss on the ground that this was a loss resulting from the sale of a capital asset under a transaction entered into for profit. The Tax Court denied the taxpayer's claim that this loss was fully deductible as a loss incurred from a sale of "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." Internal Revenue Code, Section 117(a) (1), 26 U.S.C.A.Int.Rev.Code, § 117(a) (1). The Government contended before the Tax Court that this was not a transaction entered into for profit and that, accordingly, no part of the loss was deductible. The Tax Court adopted the middle ground above indicated. There was little or no dispute as to the facts.

Taxpayer, under a bequest in the will of his aunt (who died in 1936), received a number of valuable articles of jewelry. In 1938, taxpayer placed ten of these pieces for sale with Cartier, Incorporated, in New York City. The contract between Cartier and taxpayer provided that Cartier was to sell, for a commission of 20 per cent, these articles at stated prices, but that if Cartier received an offer for any article at less than the stated price, this offer was to be transmitted to taxpayer for his acceptance or rejection. The scheduled prices for the ten pieces of jewelry exceeded $450,000.

Cartier's efforts to sell the chain or necklace, the subject matter of the present litigation, at the stated price, met with no success. So taxpayer authorized the sale of this chain or necklace at $3,500 net to taxpayer, and this sale was effectuated in 1940, when taxpayer received that amount. One other article of this jewelry was sold by Cartier prior to 1940, and at least one other piece was sold by Cartier after 1940. The chain or necklace was the only article sold in 1940.

Taxpayer knew in advance of his aunt's death of the bequest of the jewelry and, before her death and with her approval, taxpayer had formed the intent of selling the more elaborate pieces of jewelry at the earliest practicable date. Taxpayer was himself active in connection with the sale of the jewelry by his agent, Cartier, and taxpayer had numerous communications and conferences with Cartier as to reductions in the stated prices and other aspects concerning the sales of these articles of jewelry. Taxpayer in 1940 was not a jeweller; he owned all of the stock in a corporation owning the Bretton Woods Hotel, a summer hotel in New Hampshire, and during that summer devoted a substantial part of his time to the operation of this hotel. And taxpayer was not shown to have been then engaged in any other business.

The decision of the Tax Court, as we view it, that the chain or necklace sold in 1940 was not "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business" (Int.Rev.Code. § 117(a) (1), is a ruling on a question of fact. Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; Van Seutendael v. Commissioner, 2 Cir., 152 F.2d 654. Or, at most, it is a mixed question of fact and law. Commissioner v. Boeing, 9 Cir., 106 F.2d 305. In reviewing the Tax Court's decision here, we are bound by the rule laid down by Mr. Justice Jackson in Dobson v. Commissioner, 320 U.S. 489, at page 501, 64 S.Ct. 239, 246, 88 L.Ed. 248:

"However, all that we have said of the finality of administrative determination in other fields is applicable to determinations of the Tax Court. Its decision, of course, must have 'warrant in the record' and a reasonable basis in the law. But 'the judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body'. Rochester Telephone Corp. v. United States, 307 U.S. 125, 146, 59 S.Ct. 754, 764, 83 L.Ed. 1147; Swayne & Hoyt, Ltd. v. United States, 300 U.S. 297, 304, 57 S.Ct. 478, 481, 81 L.Ed. 659; Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286, 287, 54 S.Ct. 692, 639, 694, 78 L.Ed. 1260; Gray v. Powell, 314 U.S. 402, 412, 62 S.Ct. 326, 332, 86 L. Ed. 301; Helvering v. Clifford, 309 U.S. 331, 336, 60 S.Ct. 554, 557, 84 L.Ed. 788; United States v. Louisville & Nashville R. Co., 235 U.S. 314, 320, 35 S.Ct. 113, 114,

59 L.Ed. 245; Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 986, 86 L.Ed. 1352."

Since we think that the Tax Court's decision has "a reasonable basis in the law" and ample "warrant in the record", we must affirm that decision. The rule of the Dobson case is further emphasized and amplified by Mr. Justice Murphy in Commissioner of Internal Revenue v. Scottish American Investment Co., 323 U.S. 119, at pages 123–124, 65 S.Ct. 169, 171, 89 L. Ed. 113:

"The answer is to be found in a proper realization of the distinctive functions of the Tax Court and the Circuit Courts of Appeal in this respect. The Tax Court has the primary function of finding the facts in tax disputes, weighing the evidence, and choosing from among conflicting factual inferences and conclusions those which it considers most reasonable. The Circuit Courts of Appeal have no power to change or add to those findings of fact or to re-weigh the evidence. And when the Tax Court's factual inferences and conclusions are determinative of compliance with statutory requirements, the appellate courts are limited to a determination of whether they have any substantial basis in the evidence. The judicial eye must not in the first instance rove about searching for evidence to support other conflicting inferences and conclusions which the judges or the litigants may consider more reasonable or desirable. It must be cast directly and primarily upon the evidence in support of those made by the Tax Court. If a substantial basis is lacking the appellate court may then indulge in making its own inferences and conclusions or it may remand the case to the Tax Court for further appropriate proceedings. But if such a basis is present the process of judicial review is at an end. Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 938, 82 L.Ed. 1346; Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 986, 86 L.Ed. 1352; Commissioner v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249, 254 [88 L.Ed. 171]; Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239 [88 L.Ed. 248]."

See, also, John Kelley Co. v. Commissioner, 66 S.Ct. 299.

While the Tax Court emphasized in its opinion here the lack of frequency and continuity in the sales by Cartier of taxpayer's jewelry, we think the opinion lays down no clean and clear cut question of law. The opinion rather decides the apposite question before it upon the whole factual picture disclosed by all the relevant evidence in the instant case. Thus many of the arguments in taxpayer's brief are beside the mark. The Tax Court, for example, did not hold that one falls without the instant statute *solely* because of any of the following reasons: (1) Taxpayer has no intention of replenishing his stock by additional purchases; (2) The property was not acquired for purpose of sale; (3) sale of the property was not taxpayer's main business; (4) the sales were carried on through an agent, with only a small amount of personal attention by the taxpayer. Nor did the Tax Court, as taxpayer contends, capriciously disregard a number of cases cited by taxpayer *solely* on the ground that those cases involved real estate while the instant case is concerned only with personalty.

We think no useful purpose would be here served by analyzing and discussing the formidable array of cases cited in taxpayer's brief, which particularly stressed the cases of Commissioner v. Boeing, 9 Cir., 106 F.2d 305; Ehrman v. Commissioner, 9 Cir., 120 F.2d 607; Fackler v. Commissioner, 6 Cir., 133 F.2d 509; Reis v. Commissioner, 6 Cir., 142 F. 2d 900; Goldsmith v. Commissioner, 2 Cir., 143 F.2d 466; McFaddin v. Commissioner, 5 Cir., 148 F.2d 570.

Ample warrant for our affirmance of the Tax Court's decision seems to be found in the concluding words of Mr. Justice Murphy's opinion in Commissioner of Internal Revenue v. Scottish American Investment Co., 323 U.S. 119, at page 125, 65 S.Ct. 169, 172, 89 L.Ed. 113:

"Moreover, this case exemplifies one type of factual dispute where judicial abstinence should be pronounced. The decision as to the facts in this case, like analogous ones that preceded it, is of little

value as precedent. The factual pattern is too decisive and too varied from case to case to warrant a great expenditure of appellate court energy on unravelling conflicting factual inferences. The skilled judgment of the Tax Court, which is the basic fact-finding and inference-making body, should thus be given wide range in such proceedings."

The decision of the Tax Court of the United States is affirmed.