## KIMBALL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4180.

Circuit Court of Appeals, First Circuit.

Nov. 1, 1946.

Before MAHONEY, GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

Robert C. McKay, of Boston, Mass., for petitioner for review.

Melva M. Graney, Sp. Asst. to the Atty. Gen., of Washington, D. C. (Douglas W. McGregor, Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Asst. to the Atty. Gen., all of Washington, D. C., on the brief), for Commissioner.

### PER CURIAM.

This case comes before us on a petition to review a decision of The Tax Court of the United States which sustained a determination by the Commissioner of Internal Revenue of a deficiency in petitioner's liability for withholding income tax at the source for the years 1941 and 1942, under § 143(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 143(b).[1]

The petitioner is the sole trustee of a trust fund under the will of Annie B. Webb, late of Salem, Massachusetts, who died in 1925. In Clause 18 of her will, the testatrix left the residue of her property to trustees and authorized them to pay from the net income:

"(c) To Mabel Duncan and Ethel Duncan, now or recently residing at 6 Place St., Sulpice, Paris, an annuity of four hundred dollars, one half to each, and the whole to the survivor for life.

"(d) To the following named persons, annuities for their respective lives, namely: Germaine St. Laurent, eight hundred dollars * * *."

[1] "Sec. 143. Withholding of tax at source
* * * * *
"(b) Nonresident aliens. All persons, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the United States, having the control, receipt, custody, disposal, or payment of interest, * * * dividends, rent, salaries, wages, premiums, annuities, compensation, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income (but only to the extent that any of the above items constitutes gross income from sources within the United States), of any nonresident alien individual, * * * shall * * * deduct and withhold from such annual or periodical gains, profits, and income a tax * * *."

Both Ethel Duncan and Germaine St. Laurent were citizens of France and resided there in the years 1941 and 1942 and the latter had been in the employ of the testatrix from 1913 to 1925.

The petitioner paid or deposited to the credit of Ethel Duncan and Germaine St. Laurent in each of the years 1941 and 1942 200 and 800 dollars respectively. These amounts were not included in the withholding tax returns as income subject to withholding, because the petitioner claimed that the annual payments to the former constituted a "life annuity" and to the latter both a "private pension" and a "life annuity" paid to citizens and residents of France, and hence were exempt under Article IX(c) of the Convention and Protocol on Double Taxation between the United States and the Republic of France executed April 27, 1932, and effective January 1, 1936.[2]  49 Stat. 3145 (1935.)  The Tax Court sustained the action of the Commissioner in refusing to accept this contention and held that the words "life annuities" in the Treaty could reasonably be limited to purchased or contractual annuities and therefore would not include testamentary annuities.  It also held that it was unnecessary for it to decide the scope of the term "private pensions" as used in the Treaty because it found that in this case amounts paid to Germaine St. Laurent were not paid as a pension, but that she was simply one of several named beneficiaries under the terms of a trust.  It further stated that there was no indication in the will that the payments were to be made for past services nor that an employee-employer relationship had existed between her and the decedent.

Whether or not this was a pension is a question of fact and we are bound by the determination of the Tax Court.  Dobson v. Commissioner, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Commissioner v. Scottish American Investment Co., 1944, 323 U.S. 119, 65 S.Ct. 169, 89 L.Ed. 113.

Likewise we are in accord with the reasoning of the Tax Court and its conclusion that the payments made to Ethel Duncan and Germaine St. Laurent were not "life annuities" within the meaning of Article IX(c) of the Convention and Protocol on Double Taxation between the United States and France.

The decision of the Tax Court of the United States is affirmed.

---

[2] Article IX—Convention and Protocol on Double Taxation between the United States and the Republic of France.

"The following classes of income paid in one of the contracting States to a corporation of the other State, or to a citizen of the latter State residing there, are exempt from tax in the former State:

\*        \*        \*        \*        \*

"(c) private pensions and life annuities."