### COCHRAN v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 9386.

Circuit Court of Appeals, Third Circuit.

Argued June 4, 1947.

Decided July 9, 1947.

Rehearing Denied Aug. 19, 1947.

Morse Garwood, of Philadelphia, Pa. (Shippen Lewis and MacCoy, Brittain, Evans & Lewis, all of Philadelphia, Pa., on the brief), for petitioner.

Louise Foster, of Washington, D. C. (Sewall Key, Acting Asst. Atty. Gen., and George A. Stinson, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before McLAUGHLIN and O'CONNELL, Circuit Judges, and LEAHY, District Judge.

O'CONNELL, Circuit Judge.

In 1925, petitioner inherited real estate valued at $67,000 in the decedent's estate tax return. In 1927, she sold the property. The sale price was $97,500, of which $27,500 was paid in cash and the remaining $70,000 was covered by a purchase money bond and mortgage bearing 6% interest. She did not report the taxable gain in either her 1927 or any subsequent income tax return.

In 1932, on the due date of the mortgage, the purchaser defaulted. Petitioner agreed to let the purchaser remain on the property in return for the payment of the 6% interest as it accrued. This arrangement continued until 1936, when the interest rate was reduced to 3%.

In 1941, the purchaser failed to pay the interest and asked that the mortgage be reduced from $70,000 to $5,000. This request was refused. Petitioner investigated the purchaser's financial condition, as a result of which she concluded that the mortgage debt, over and above the value of the collateral, was uncollectible. She thereupon instructed her agent to write off on the agent's records the difference between $70,000 and $26,800, the value of the property at that time. Entry on the agent's records was made accordingly, and petitioner claimed on her 1941 return the difference, $43,200, as a partial bad debt deduction. Respondent, disallowing most of that deduction, determined a deficiency in petitioner's 1941 tax return.

In an unreported memorandum opinion, the Tax Court held that petitioner was entitled to claim a partial bad debt in 1941, since that was the date when "she ascertained * * * that the debtor had no assets other than the property in question from which she might reasonably have expected to make any substantial recovery on the indebtedness." The Tax Court further held, however, that petitioner had erred in computing the deduction. It said, "No evidence was offered by petitioner as to the value of the note as of the date of

sale in 1927. The only evidence in the case as to such value is the determination by the respondent fixing said value at $37,238.75 * * *."[1] Petitioner was accordingly held entitled to a deduction of only $10,438.75.

■ Petitioner urges that the purchase money bond and mortgage in 1927 was worth its face value, $70,000. The Tax Court finding is alleged to be wrong on two grounds: (a) petitioner did introduce evidence of the value of the note, in that the sale price of $97,500 was evidence that the note was worth face value,[2] and (b) respondent's "deficiency letter is not evidence before the Tax Court, unless it is stipulated to be," and consequently respondent's valuation of $37,238.75 "was not in evidence at all."

■ There can be no doubt that the value of the note in 1927—be it $70,000, $37,238.75, or some third figure—as well as the value of the property itself, are purely questions of fact. See Mistrot v. Commissioner, 5 Cir., 1936, 84 F.2d 545, and Maxfield v. United States, 9 Cir., 1945, 152 F.2d 593. If there is any evidentiary basis for the Tax Court's finding, therefore, it is equally clear that this court may not substitute its own evaluation for that of the Tax Court. See Dobson v. Commissioner, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; John Kelley Co. v. Commissioner, 1946, 326 U.S. 521, 527, 66 S.Ct. 299, 90 L.Ed. 278. The deficiency letter of the Commissioner was part of the record before the Tax Court, by virtue of Rule 6(i) of the Rules of Practice Before the Tax Court of the United States, revised August 1, 1946, 26 U.S.C.A. Int.Rev.Code, following section

5012,[3] which rule is authorized by Section 1111 of the Internal Revenue Code, 26 U. S.C.A. Int.Rev.Code, § 1111, as amended by Section 504 of the Revenue Act of 1942, October 21, 1942, 56 Stat. 798, 26 U.S.C.A. Int.Rev.Code, § 1100. Consequently, whether or not the deficiency letter was stipulated is immaterial; and, even if we were to assume arguendo that the evidence of the 1927 sale was also evidence of the fair value of the property and note, petitioner's position at best would be to allege that her basis of computation was more sound than that of respondent.[4] In such reweighing of factual evidence we may not indulge. "The Tax Court has the primary function of finding the facts in tax disputes, weighing the evidence, and choosing from among conflicting factual inferences and conclusions those which it considers most reasonable. The Circuit Courts of Appeal have no power to change or add to those findings of fact or to reweigh the evidence. And when the Tax Court's factual inferences and conclusions are determinative of compliance with statutory requirements, the appellate courts are limited to a determination of whether they have any substantial basis in the evidence. The judicial eye must not in the first instance rove about searching for evidence to support other conflicting inferences and conclusions which the judges or the litigants may consider more reasonable or desirable. It must be cast directly and primarily upon the evidence in support of those made by the Tax Court. If a substantial basis is lacking the appellate court may then indulge in making its own inferences and conclusions or it may remand the case to

---

[1] Respondent arrived at this figure by subtracting from $67,000, the value at inheritance, (1) $2,261.25, depreciation at 2% for the two-year period during which she owned the property, and (2) $27,500, the cash payment made at the time of sale.

[2] The burden of proving respondent's determination invalid was, of course, upon petitioner. Rule 32, Rules of Practice Before the Tax Court of the United States; and see Helvering v. Taylor, 1935, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623.

[3] Pertinent portions of the rule are as follows:

"Rule 6. * * * The Petition shall be complete in itself so as fully to state the issues. It shall contain:

* * * * * *

"(i) A copy of the notice of deficiency (or liability, as the case may be), shall be appended to the petition. If a statement has accompanied the notice of deficiency, so much thereof as is material to the issues set out in the assignments of error likewise shall be appended. * * *"

[4] We point out in passing that petitioner's evaluation depends upon a note being worth its face value, a conclusion on which a difference of opinion is by no means unlikely.

the Tax Court for further appropriate proceedings. But if such a basis is present the process of judicial review is at an end. [Citing cases.]" Commissioner v. Scottish American Co., 1944, 323 U.S. 119, 123, 124, 65 S.Ct. 169, 171, 89 L.Ed. 113.

Accordingly, we need not review defenses of respondent directed to the merits of the case at bar.

The decision of the Tax Court will be affirmed.