**Mitchel KASS, on behalf of Lois H. and Cynthia S. Kass, Plaintiffs,**

v.

**Oveta Culp HOBBY, Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.
April 11, 1955.

---

Arthur Schneider, New York City, for plaintiffs.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City, J. Donald McNamara, Asst. U. S. Atty., New York City, of counsel, for the United States.

IRVING R. KAUFMAN, District Judge.

This is an action brought pursuant to the provisions of Section 405(g) of the Social Security Act, Title 42 U.S.C.A., wherein plaintiff seeks review of the decision of the Referee and of the Appeals Council of the Social Security Administration holding that the children of the deceased insured wage earner are not entitled to children's insurance benefits under 42 U.S.C.A. § 402(d).

Both the plaintiff and the defendant now move for summary judgment.

The plaintiff, Mitchel Kass, who is suing on behalf of his children, and Beulah S. Kass, the wage earner, were married in 1941. Two children were born of that marriage: Lois H. Kass, in 1945, and Cynthia S. Kass, in 1948. The wage earner died in New York on August 5, 1951, a fully insured individual but not a currently insured individual within the meaning of the Social Security Act.

The sole issue presented for review is whether the children received "at least one-half of [their] support" from the wage earner "at the time of [the wage earner's] death". 42 U.S.C.A. § 402(d) (5) and (d) (1) (c). The Referee found that the children did not receive such support from the wage earner and denied their application solely on this ground. The Appeals Council affirmed the Referee's findings.

Both plaintiff and the wage earner were certified public accountants. In 1947 they formed an accounting partnership and regarded themselves as equal partners, both doing nearly the same amount and type of work; both producing about an equal amount of partnership business, and both being entitled to one-half of the income from the partnership. They each taught at Hunter College part-time and received nearly equal amounts from that source.

In the absence of direct evidence of the actual cost and precise source of the children's support, the Referee attempted to determine what amounts the wage earner and her husband each had available for support of the children. The Referee selected the period of one year immediately preceding the wage earner's death for determining the respective amounts made available by each parent for family expenses.[1] The plaintiff does not attack this method which the Referee employed—only the details of its execution are assailed.

The gross income of the wage earner for the period from August, 1950 to August, 1951 was approximately $4,976; the plaintiff's income for the same period was about $5,583. Although both were credited with equal income from the accounting partnership during the period, the plaintiff earned about $440 more than the wage earner from part-time teaching because of the latter's illness. Additionally, the wage earner's mother assisted financially with a gift of $1,550, and a business associate of the partnership made a loan in the sum of $2,100. The evidence is conflicting as to whether these additional funds were advanced for the sole use of the plaintiff, the wage earner, or for their joint use.

The Referee *assumed* that all of the additional funds were advanced solely for the wage earner, thus increasing the amount of funds available to her for the children's support; however, he deducted

approximately $5,900, representing all of the wage earner's medical expenses for the period, solely from the wage earner's income. This last deduction is the sole error which the plaintiff claims the Referee made.

The evidential basis for this deduction, at least as to approximately $955 allegedly incurred between August and December of 1950, appears to be the 1950 Federal individual' income tax return of the wage earner in which the medical deduction is taken. Additional support for the Referee's finding lies in the fact that it would be unrealistic to equally divide between the two substantial medical expenses caused solely by the wage earner's illness. However, the plaintiff's contention is that the accounting partnership extended into the couple's home life and that their maintenance of a joint bank account indicates that not only did they have equal *income* but equal *expenses* as well.

Section 405(g) of Title 42 U.S.C.A., provides the standards applicable to this review:

> "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator, with or without remanding the cause for a rehearing. The findings of the Administrator as to any fact, if supported by substantial evidence, shall be conclusive * * *."

The ultimate finding that the wage earner contributed less than one-half of the children's support is based on substantial evidence. The short of the matter is that mathematically the wage earner contributed less than one-half even if the additional funds and the medical expenses are equally divided between the wage earner and the plaintiff because the plaintiff earned an additional $440 through part-time teaching. The only method by which the wage earner

---

1. The utilization of a one year period instead of a shorter period for determining the respective amounts available for sup-
port "at the time of [the wage earner's] death" was mathematically favorable to the wage earner.

can mathematically be said to have contributed at least one-half is by attributing the additional funds solely to her and by equally dividing the medical expenses between both. However, such a procedure would be inconsistent with the very hypothesis the plaintiff advances. If plaintiff and the wage earner were partners in both their private and business life, then attributing the additional funds to the wage earner instead of to both would have no basis in fact or logic.

I am convinced, on the whole record, that the Referee's findings are supported by substantial evidence. See Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754, 757; United States v. LaLone, 9 Cir., 1945, 152 F.2d 43; Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531, 533.

The defendant's motion for summary judgment is granted and the plaintiff's motion is denied. So ordered.