T.C. Memo. 1996-424


UNITED STATES TAX COURT


ESTATE OF VERA M. MCFARLAND, DECEASED, JO MELDRIM, PERSONAL
REPRESENTATIVE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23704-95.                    Filed September 19, 1996.


<u>Thomas K. Purcell</u> and <u>Harris L. Bonnette, Jr.</u>, for

petitioner.

<u>Howard P. Levine</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Estate of Vera M. McFarland, Deceased,

Jo Meldrim, Personal Representative, moves for partial summary

judgment, asserting that the Court must use a going concern

methodology to value a 20-percent partnership interest held by

Vera M. McFarland at the time of her death.  Petitioner supports its motion with the pleadings, the affidavit of Personal Representative, numerous exhibits, and a memorandum of law. Respondent objects to petitioner's motion.  Respondent supports her objection with seven exhibits and the affidavit of her counsel, Howard P. Levine.

For the reasons stated below, we will deny petitioner's motion.  Dollar amounts are rounded to the nearest dollar.  The term "Decedent" refers to Vera M. McFarland.

## Background[1]

The Meldrim family has worked in the turpentine and timber business in St. John's County, Florida, since at least July 18, 1934, when P.J. Kemp and J.S. Meldrim were partners in a partnership called Kemp & Meldrim.  On August 24, 1938, P.J. Kemp sold his 50-percent interest in Kemp & Meldrim to his former partner's father, J.W. Meldrim.

The partnership of J.S. and J.W. Meldrim (Meldrim & Meldrim) continued from 1938 until J.W. Meldrim's death in 1945.  When he died, 100 percent of his interest in Meldrim & Meldrim passed to his three children, J.S. Meldrim (34 percent), Decedent

[1] The "facts" presented in this opinion are stated solely for purposes of deciding the motion and are not findings of fact for this case.  Fed. R. Civ. P. 52(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  Personal Representative resided in St. Augustine, Florida, when she petitioned the Court on behalf of Decedent's estate.  We do not know where Decedent lived at the time of her death.

(33 percent), and Helen Meldrim Janes (33 percent).  From 1945 through 1948, the three children operated the business as a partnership, J.S. Meldrim owning 67 percent of the partnership's interests and Decedent and Helen Meldrim Janes each owning 16.5 percent.

On August 12, 1948, Helen Meldrim Janes sold 13.24 percent of her 16.5-percent interest in the partnership to J.S. Meldrim and sold the remaining 3.26 percent to Decedent.  J.S. Meldrim and Decedent operated the resulting partnership as the Meldrim & McFarland Partnership (the Partnership) from 1948 until the death of J.S. Meldrim in 1969; during that period J.S. Meldrim owned 80 percent of the Partnership's interests, and Decedent owned the remaining 20 percent.  When J.S. Meldrim died, his 80-percent interest passed to his spouse and three daughters, his spouse (Lillian Meldrim) receiving 50 percent of his 80-percent interest in trust, and the other 50-percent interest being split equally among his daughters; namely, Jo Meldrim, Personal Representative, Winifred Apfeldorf, and Carolyn Moore.  From 1969 through 1991, Decedent had a 20-percent interest in the Partnership, Lillian Meldrim had a 40-percent interest in trust, Jo Meldrim had a 13-1/3-percent interest, Winifred Apfeldorf had a 13-1/3-percent interest, and Carolyn Moore had a 13-1/3-percent interest.

On September 22, 1991, Decedent died leaving her 20-percent interest in the Partnership in trust. In connection therewith, her will stated:

> My said executrix and trustee is hereby given full authority and power * * * to continue and carry on any business in which I am engaged at the time of my death, including the continuation of any partnership in which I may be interested at the time of my death, particularly the partnership with my said brother, J.S. Meldrim, and that to facilitate the uninterrupted continuance of said partnership operation, my said executrix and trustee is hereby designated a substituted partner in said partnership, if deemed desirable by said executrix and trustee, for and during the administration of my estate and said trust; * * *

When Decedent died, the Partnership owned 5,501 acres of land and timber in St. John's County, Florida, along with other assets. On petitioner's Form 706, United States Estate Tax Return, Personal Representative reported that the fair market value of Decedent's 20-percent interest in the partnership equaled $533,895. Upon audit, respondent determined that the fair market value was $1,147,177. Respondent valued the 20-percent interest by: (1) Valuing the Partnership's land and timber by reference to comparable sales, (2) adding 20 percent of this value to 20 percent of the fair market value of the other assets of the partnership as reported on Form 706, (3) applying a 10-percent discount to take into account Decedent's fractional interest in the Partnership, and (4) applying a 15-percent discount to reflect other factors such as the lack of marketability.

Respondent determined a deficiency of $250,534 in petitioner's Federal estate tax. Petitioner alleged in its petition that it overpaid its estate tax because Decedent's 20-percent interest in the Partnership was worth $179,615, rather than the $533,895 amount reported on Form 706.

## Discussion

Respondent determined the fair market value of Decedent's interest in the Partnership by referring to sales of property similar to the Partnership's assets. Petitioner argues that Estate of Watts v. Commissioner, 823 F.2d 483 (11th Cir. 1987), affg. T.C. Memo. 1985-595, and Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), require that petitioner's partnership interest be valued under a "going concern" methodology.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Rule 121(a), Tax Court Rules of Practice and Procedure, provides that either party may move for summary judgment in its favor upon any or all parts of the legal issues in controversy. A decision may be rendered by way of summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show

there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Id. par. (b).

Because summary judgment adjudicates an issue without the benefit of a trial, the Court grants such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met the requisite criteria.  Associated Press v. United States, 326 U.S. 1, 6 (1945); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).  The Court will not resolve disagreements over material factual issues in a summary judgment proceeding.  Espinoza v. Commissioner, supra at 416; Matson Navigation Co. v. Commissioner, 67 T.C. 938, 951 (1977).  A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties."  10A Wright et al., Federal Practice and Procedure:  Civil, sec. 2725, at 93 (2d ed. 1983).  The moving party must prove that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390; Preece v. Commissioner, 95 T.C. 594, 597 (1990).

This case is not ripe for summary judgment.  The parties dispute the fair market value of Decedent's partnership interest. The resolution of such a dispute is a question of fact, and the trier of fact has the duty to weigh all relevant evidence of value.  Commissioner v. Scottish Am. Inv. Co., 323 U.S. 119, 123-125 (1944); Helvering v. National Grocery Co., 304 U.S. 282,

294 (1938); Estate of Watts v. Commissioner, supra at 485. We do not believe that we would be properly discharging our duty if we were to set forth at this point one (and only one) method of valuation that must be used to determine the fair market value of Decedent's partnership interest. See Estate of Andrews v. Commissioner, 79 T.C. 938, 944-945 (1982). Cases of valuation require us to determine the price that a hypothetical willing buyer would pay a hypothetical willing seller, both persons having reasonable knowledge of all relevant facts and neither person being under any compulsion to buy or to sell. Sec. 20.2031-1(b), Estate Tax Regs.; see also United States v. Cartwright, 411 U.S. 546, 551 (1973); Estate of Watts v. Commissioner, supra at 486; Estate of Bright v. United States, 658 F.2d 999, 1005-1006 (5th Cir. 1981); Estate of Newhouse v. Commissioner, 94 T.C. 193, 218 (1990). It would be inappropriate for us at this juncture to limit our consideration to one method in order to determine this price.

Petitioner relies incorrectly on the Court of Appeals for the Eleventh Circuit's opinion in Estate of Watts v. Commissioner, supra, to support its position that Decedent's partnership interest must be valued under a going concern methodology. We do not read that opinion to compel such a holding as a matter of law. Although we agree with petitioner that the facts of Estate of Watts are somewhat similar in certain respects to the instant case, we find significant differences

between the two cases.  For example, in <u>Estate of Watts</u>, the partnership agreement provided that "The death of a partner shall not cause the dissolution or termination of this partnership".[2] In the instant case, by contrast, we find no similar provision. Indeed, the provisions of the relevant partnership agreement are not in the record.  Although petitioner places much emphasis on the fact that Decedent's will allowed her trustee to continue the Partnership following Decedent's death, we are not persuaded that this fact is dispositive.  We note that the will allowed, but did not require, the trustee to continue the Partnership.

Accordingly, we will deny petitioner's motion for partial summary judgment.[3]  In so doing, we have considered all arguments by petitioner for a contrary result, and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect the foregoing,

---

[2] The Court of Appeals for the Eleventh Circuit found this provision to be critical to the outcome in <u>Estate of Watts v. Commissioner</u>, 823 F.2d 483, 486 (11th Cir. 1987), affg. T.C. Memo. 1985-595, stating that "the tax court's decision to value decedent's interest as part of a going concern is amply supported by the law governing Oregon partnerships, and the contractual restrictions placed upon Mrs. Watts' partnership interest by the partnership agreement".

[3] In addition to the reasons mentioned above, we also note that the parties dispute the substance of the Partnership's business during the relevant years.  Although the business of the Partnership originated with turpentine and timber, much of the Partnership's income in the years preceding Decedent's death was derived from leases and interest.

An appropriate order

will be issued.