## VAN SUETENDAEL et ux. v. COMMIS-SIONER OF INTERNAL REVENUE.

## VAN SUETENDAEL v. SAME.

### Nos. 39–41.

Circuit Court of Appeals, Second Circuit.

Dec. 31, 1945.

William A. Walsh, Jr., of Yonkers, N. Y., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and

Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The taxpayer, Achille O. Van Suetendael, sustained losses on sales of securities in each of the tax years 1936, 1937 and 1938. He claimed to be a dealer in securities and sought to deduct from his gross income for the respective years the full amount of his losses. The commissioner determined that the securities were capital assets and subject to the limitations upon loss set forth in section 117 of the Revenue Acts of 1936 and 1938, 26 U.S.C.A. Int.Rev.Code, § 117. The Tax Court sustained the commissioner. To show that the securities sold were not "capital assets" within the definition of section 117 the taxpayer had to prove that they were "stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." They could not be classified as stock in trade or property subject to inventory unless they were held by the taxpayer primarily for sale to customers in the ordinary course of his business. This issue was predominantly one of fact and the Tax Court's finding was adverse to the taxpayer. We cannot say that "the Tax Court's inferences and conclusions on this factual matter are so unreasonable from an evidentiary standpoint as to require a reversal of its judgment." See Boehm v. Commissioner, 325 U.S. ——, 66 S.Ct. 120, 124; Commissioner v. Scottish American Investment Co., 323 U.S. 119, 125, 65 S.Ct. 169; Dobson v. Commissioner, 320 U.S. 489, 502, 64 S.Ct. 239, 88 L.Ed. 248. The taxpayer made a large number of sales of securities to the same brokers from whom he had bought them. Other sales were made to his wife, son and his wife's aunts. A substantial part of the securities sold had been held for more than five years and some for more than ten years. He did not testify as to why he purchased a particular security nor as to the customers who regularly bought securities from him; indeed, he did not testify at all. The foregoing are only some of the facts which tend to support

the conclusion that the securities were not held by him primarily for sale to customers in the regular course of his business. With respect to some of the securities sold the taxpayer may have been a dealer and with respect to others a trader, investor or speculator. In his returns he made no attempt to distinguish one sale from another; nor did he present sufficient evidence to enable the Tax Court to do so. There was no error of law in its determination upon the facts found. See Bingham's Trust v. Commissioner, 325 U.S. 365, 372, 65 S.Ct. 1232. Accordingly the orders are affirmed.