ESTATE OF JACQUES FERBER, DECEASED, THE PENNSYLVANIA COMPANY FOR BANKING AND TRUSTS, CO-EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35462. Filed May 7, 1954.

*John B. Leake, Esq.*, and *Stephen T. Dean, Esq.*, for the petitioner.
*Charles J. Hickey, Esq.*, for the respondent.

OPINION.

Murdock, *Judge:* The only question for decision in this case is whether the furs sold by the executors after they had disposed of the retail store were capital assets so that the gains from those sales were long-term capital gains, as reported, rather than ordinary business income. The Commissioner sums up his argument as follows:

The executors operated the retail store, selling the furs at retail, until August, 1946, when the principal fixed assets and some of the furs were sold in bulk. The executors sold the remainder of the furs by consignment sales and privately conducted auctions. These furs were held by the executors as stock in trade, or merchandise properly includible in inventory, or as property held primarily for sale to customers in the ordinary course of business. Within the provisions of I. R. C., section 117 (a) (1) (A) the furs were non-capital assets, and the proceeds from the sales are taxable as ordinary income.

Section 117 (a) (1) defines capital assets as property held by the taxpayer but not to "include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business * * *." Obviously the furs were not capital assets in the hands of the decedent and there are cases holding that he could not have changed their character by deciding to terminate or liquidate his business and sell the assets whether in bulk or to his usual customers. *Grace Bros., Inc.*, 10 T. C. 158, affd. 173 F. 2d 170; *Ernest A. Watson*, 15 T. C. 800, affd. 197 F. 2d 56, affd. 345 U. S. 544, rehearing denied 345 U. S. 1003; *Williams* v. *McGowan*, 152 F. 2d 570. Cf. *Renziehausen* v. *Lucas*, 280 U. S. 387, affirming 8 B. T. A. 87 and 31 F. 2d 675. However, the decedent's estate, which is the

petitioner here, is a different taxpayer and items which were not capital assets in the hands of the decedent may nevertheless be capital assets in the hands of the estate. *Adams* v. *Commissioner*, 110 F. 2d 578; *O. A. Refling, Executor*, 17 B. T. A. 327; affd. *Refling* v. *Burnet*, 47 F. 2d 859. Cf. *Waterman's Estate* v. *Commissioner*, 195 F. 2d 244; *N. Stuart Campbell*, 5 T. C. 272; *Everett G. Maley*, 17 T. C. 260; *Charles S. Guggenheimer*, 18 T. C. 81, affd. 209 F. 2d 362. This rule is not inconsistent with the purpose of the capital gains provisions.

"Property cannot be classified as stock in trade or property subject to inventory unless it is held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." *Thomas E. Wood*, 16 T. C. 213, 225–226. See also *Van Suetendael* v. *Commissioner*, 152 F. 2d 654. The following is from *Adams* v. *Commissioner, supra:*

> Both the Board and the Commissioner emphasize that the activities of the executor were essentially the same as the testator. From this situation, the conclusion is drawn that the executor was "carrying on a business" in a taxing sense. This does not follow. If there is a tax difference between the activities of an orderly administration and the carrying on of business by an executor, such is not measured by the prior activities of the testator. The gauge is whether certain activities of the executor are not such as properly fall within the duties of the executor in the collection and protection of the assets, the discharge of obligations, and the distribution of the residue.

The executors kept the store open as one means of liquidating the stock on hand and of preserving to some extent the good will of the business, but they did not buy new skins and make them up into salable garments as had the decedent. They merely used some of the skins on hand to make up garments, some of which they were able to sell through the store. The fact that they used inventories in computing profits from that phase of their activities does not, under the cases cited above, exclude the goods here in question, those on hand after the store was sold, from the definition of capital assets. They consisted of some finished garments and quantities of unsewn skins. The sales of the goods on hand after the executors severed their connection with the retail store were consistent with their duties to liquidate the estate and in furtherance of their purpose of liquidation and distribution. Cf. *Refling* v. *Burnet, supra.* This is certainly as strong a case for the taxpayers as was *Garrett, et al.* v. *United States*, (Ct. Cl.) 120 FY. Supp. 193. The auction and bulk sales here in question were of capital assets of the estate and the gains were capital gains. The amounts and the holding periods are not in dispute.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

VAN FOSSAN and WITHEY, *JJ.*, dissent.