GEORGE I. FULLERTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38572. Filed May 21, 1954.

*Warren F. Wattles, Esq.*, for the petitioner.
*Stanley Schoenbaum, Esq.*, for the respondent.

374

378

**OPINION.**

OPPER, *Judge:* Before it may be determined that an association is taxable as a corporation we must first find that the purpose was to carry on business under the guise of a trust.[1] Where the operation

---

[1] While the ultimate issue is whether petitioner received taxable capital gains upon liquidation of the trust, the parties discuss only the taxability of the trust as a corporation apparently on the assumption that this would necessarily require the taxation of its beneficiary on any distribution in liquidation of the trust corpus as if he were a corporate stockholder, and we shall correspondingly limit our consideration.

is undertaken either as a liquidating process or "to hold and conserve particular property with incidental powers as in the traditional type of trusts," *Morrissey* v. *Commissioner*, 296 U. S. 344, it has been held that the business aspects are lacking.

It seems to us evident from the facts that the present trust was but a step in the liquidation of the Fullerton Groves Corporation. In order to preserve the property for ultimate distribution to the stockholders it was necessary to obtain a mortgage which could not be done by the corporation. The corporation's orange groves were accordingly conveyed to petitioner as trustee for the former stockholders for the purpose of obtaining the mortgage and of holding the property while the mortgage remained in existence. As respondent states "he [petitioner] is given the entire supervision, management and control of the property only so long as the mortgages to the Federal Land Bank are outstanding. Then the trust instrument provides that Fullerton must reconvey to the beneficial owners."

It matters little whether we say the trust was but an instrument for the liquidation of the corporation, *Frederick Pitzman et al., Trustees*, 36 B. T. A. 81; *Broadway-Brompton Buildings Liquidation Trust*, 34 B. T. A. 1089; *Myers* v. *Commissioner*, (C. A. 7) 89 F. 2d 86; see *Estate of Jacques Ferber*, 22 T. C. 261; *Garrett* v. *United States*, (Ct. Cl.) 120 F. Supp. 193; or that it was created to hold and conserve specific property "with incidental powers." In neither event would the supervisory activities of petitioner and his distribution of the trust income to the beneficiaries constitute the carrying on of a business. *A. A. Lewis & Co.* v. *Commissioner*, 301 U. S. 385; *Chase National Bank, Trustee*, 41 B. T. A. 430, affd. (C. A. 2) 122 F. 2d 540. It accordingly becomes unnecessary to determine whether other characteristics of the corporate form under the classic *Morrissey* tests were present. Nor need we determine whether what took place in the instant year was a liquidation, except to observe that, since in respondent's view the trust was liquidated in the tax year before us, it cannot be said as it was in *Morrissey, supra*, that "The powers conferred on the trustees continued and could be exercised for such activities as the instrument authorized." We conclude on the essentially factual issue, *Keating-Snyder Trust* v. *Commissioner*, (C. A. 5) 126 F. 2d 860, that the trust was not taxable as a corporation.

We cannot, however, escape the view that the negligence penalty for the year 1944 was properly applied. Petitioner may have been entitled to omit any reference to any liquidation of the trust but in

addition he appears to have entirely neglected to include in his income a part of the compensation as trustee which he unquestionably received. No effort is made to excuse this omission or to explain it. Under the circumstances we see no alternative but to sustain the negligence penalty, *Thomas J. Avery*, 11 B. T. A. 958, "although of course the amount will be modified in accordance with the modified deficiency." *Gibbs & Hudson, Inc.*, 35 B. T. A. 205, 211.

*Decision will be entered under Rule 50.*