OPINION. Raum, Judge: Petitioner is a contractor. His business consists of acquiring land and building houses thereon for sale (i.e., “speculative” houses), or selling lots and building houses pursuant to specifications of the purchasers of the lots. His sales are made through brokers. We have no doubt on this record that he purchased the 13.7 acres of land here in controversy for the purpose of subdividing it, and building houses thereon in his usual manner, either speculatively or pursuant to specifications of the purchasers of individual lots. He in fact did so subdivide the property into two tracts, Rancho del Amigo, Unit No. 2, containing 12 improved lots, Rancho del Amigo, Unit No. 3, containing 22 improved lots, and an unimproved parcel of approximately 1.26 acres. In accordance with his usual method of operation he sold nine lots and houses in Unit No. 2 and four lots and houses in Unit No. 3. Clearly, the gains from such sales constituted ordinary income, since the lots thus sold were held by petitioner “primarily for sale to customers in the ordinary course of his trade or business.” Sec. 1221 (1), I.R.C. 1954. But those lots are not involved herein. Had petitioner sold the remaining lots in like manner, any resulting profit would similarly be ordinary income.[1] However, for reasons that are not entirely clear on this record, he did not build any houses on the remaining lots, and he liquidated his entire investment in the property in one transaction, disposing of the remaining 18 lots in Unit No. 3, the remaining three lots in Unit No. 2, and the unsubdivided parcel in a single sale. Does this mode of disposition change the character of the profit from ordinary income to capital gain? Precedent in this field calls for a negative answer. Grace Bros., Inc., 10 T.C. 158, affirmed 173 F. 2d 170 (C.A. 9); August Engasser, 28 T.C. 1173; cf. Ernest A. Watson, 15 T.C. 800, affirmed 197 F. 2d 56 (C.A. 9), affirmed 345 U.S. 544, rehearing denied 345 U.S. 1003. The statutory test is whether the property sold was held primarily for sale to customers in the ordinary course of the taxpayer’s trade or business. And, apart possibly from the unsubdivided parcel of 1.26 acres,[2] the record is clear that the property was so “held.” The fact that petitioner disposed of the lots “in bulk” does not change the manner in which they were “held” by him, namely, for sale to customers in the ordinary course of his trade or business. What was said in Estate of Jacgues Ferber, 22 T.C. 261, 263, is pertinent here: Section 117(a) (1) defines capital assets as property field by tfie taxpayer but not to “include stock in trade of tfie taxpayer or otfier property of a kind wfiiefi would properly be included in tfie inventory of tfie taxpayer if on hand at tfie close of tfie taxable year, or property field by tfie taxpayer primarily for sale to customers in tfie ordinary course of fiis trade or business * * Obviously tfie furs were not capital assets in tfie bands of tfie decedent and there are cases bolding that fie could not have changed their character by deciding to terminate or liquidate fiis business and sell tfie assets whether in bulk or to fiis usual customers. Grace Bros., Inc., 10 T.C. 158, affd. 173 E. 2d 170; Ernest A. Watson, 15 T.C. 800, affd. 197 F. 2d 56, affd. 345 U.S. 544, rehearing denied 345 U.S. 1003; Williams v. McGowan, 152 F. 2d 570. Cf. Renziehausen v. Lucas, 280 U.S. 387, affirming 8 B.T.A. 87 and 31 F. 2d 675. * * * We hold that the Commissioner did not err in his determination in this case. Cf. James E. Kesicki, 34 T.C. 675. Decision will be entered for the respondent. We reject as unconvincing petitioner’s contentions relating to the use of the property for agricultural purposes. Plainly, he bought the property for subdivision, and any agricultural use was merely temporary, prior to its principal and intended use for subdivision purposes. As to the 1.26 acres there is nothing in the record to show that any portion of the gain on sale of the entire property was allocable to this unsubdivided parcel. Moreover, even as to this unsubdivided parcel the contract of sale, in evidence, shows that the parties treated this portion of the property as three lots, and it is a fair conclusion from the contract as a whole that this parcel was similarly held for sale to customers in the ordinary course of petitioner’s business.