Pike, et al. v. USA                    CV-95-40-JD    11/28/95
                  UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Milo L. Pike, et al.

        v.                            Civil No. 95-40-JD

United States of America


                             O R D E R


     The plaintiffs, Milo Pike and Penny Pike, bring this action

against the defendant, the United States of America, to recover

$438,262 in income taxes the plaintiffs assert were erroneously

collected in 1989.  The plaintiffs claim that losses from the

sale of certain bank stock were incorrectly characterized as

capital losses rather than as an ordinary business losses.

Before the court is the United States' Motion for Summary

Judgment (document no. 6).


                          Background[1]

     Since 1964, Milo Pike acquired substantial experience in the

banking industry, particularly in the area of consolidations and

mergers.  Complaint at ¶¶ 6, 9.  During the 1980s Pike formulated

a plan to establish a major bank holding company.  Id. at ¶ 12.

_____

     [1]The court's recitation of the facts relevant to the instant
motion are either not in dispute or have been alleged by the
plaintiffs.

Toward this end he "acquired several hundred thousand shares of stock in a limited number of New England banking institutions which Pike believed would result in the best combinations and the greatest profit to reward his many hours of careful study and work." Id. at ¶ 14. At all times Pike intended "to develop a finished product which could be sold to investors for a profit." Affidavit of Milo Pike ("Pike Affidavit") at ¶ 3A.

Pike selected banks for his portfolio based on what he considered to be strategic considerations such as location, the likely "fit" with other banks in which he held an interest, and the number of shares needed to influence existing management. Pike Affidavit at ¶ 3B. Pike was not primarily concerned with price and market expectations. Id. The purchase of substantial blocks of stock allowed Pike access to and influence over bank officers and directors in order to promote his plans of merger, acquisition, and consolidation. Id. at ¶ 3C.

The value of Pike's bank holdings declined substantially in the late 1980s with the downturn in the New England economy. Complaint at ¶ 14. The ultimate sale of these stocks resulted in losses that were reported on the plaintiffs' 1989 federal tax return as "capital" losses. On or about March 22, 1992, the plaintiffs filed an amended 1989 tax return to re-characterize the losses from "capital" to "ordinary." The Internal Revenue

2

Service disallowed the requested refund on the ground that the losses were properly treated as capital losses.

## Discussion

The court applies the usual summary judgment standard.  See, e.g., Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993), cert. denied, 115 S. Ct. 56 (1994) (quoting Wynne v. Tufts Univ. Sch. of Medicine, 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, 113 S. Ct. 1845 (1993)).

In its motion, the government asserts that as a matter of law the losses resulting from Pike's sale of his bank stock yielded "capital" losses as that term is defined by the tax code. Defendant's Motion for Summary Judgment at 1-2 (citing 26 U.S.C. § 1221; Arkansas Best Corp. v. Commissioner, 485 U.S. 212 (1988)).

Pike responds that his bank stock constitutes "inventory" and, therefore, falls within an enumerated exception to the capital stock statute.  Plaintiffs' Objection to Summary Judgment at 3 (citing 26 U.S.C. § 1221(1)).  The plaintiffs argue that the determination of whether the stock satisfies the claimed exception is a question of fact properly resolved at trial.  They further assert that the investments were not purchased for "market expectations" or capital appreciation but, rather, were

3

intended to create the access to bank management necessary to merge or consolidate several smaller banks into a major holding company.  Pike Affidavit at ¶ 3(A-D).

The instant motion turns on the application of 26 U.S.C. § 1221 to the facts taken in a light most favorable to the plaintiffs.  The statute defines the term "capital asset" as

> property held by the taxpayer (whether or not connected with his trade or business), but does not include -
>
> > (1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.[2]

26 U.S.C.A. § 1221 (West 1988).

The definition of "capital asset" in § 1221 has been interpreted broadly. Arkansas Best Corp. v. Commissioner, 485 U.S. 212, 215-16 (1988).  The five listed exceptions, including that for inventory, are considered "exclusive" rather than "illustrative," id. at 217-18, and, accordingly, have been construed narrowly according to the plain meaning of the statutory language, see id. at 216, 218-19, 223.  The Supreme Court has held that a taxpayer's "motivation in purchasing an asset is irrelevant" to whether the investment falls under a

---

[2]Neither party has suggested the application of one of the four other exceptions to § 1221.  See 26 U.S.C. § 1221(2) - (5).

4

statutory exception to the § 1221 rule that property is a "capital asset." Id. at 223.

The purpose of the inventory exception, 26 U.S.C. § 1221(1), is to "differentiate between the `profits and losses arising from the everyday operation of a business' on the one hand . . . and `the realization of appreciation in value accrued over a substantial period of time' on the other." Tollis v. Commissioner, 1993 WL 46522 (U.S. Tax Ct.), 65 T.C.M. (CCH) 1951 (Feb. 24, 1993). Securities cannot be "classified as stock in trade or property subject to inventory unless they [are] held by the taxpayer primarily for sale to customers in the ordinary course of his business." Tybus v. Commissioner, 1989 WL 68001 (U.S. Tax. Ct.), 57 T.C.M. (CCH) 796 (June 26, 1989) (quoting Van Suetendael v. Commissioner, 152 F.2d 654 (2d Cir. 1945). "Whether securities are held primarily for sale to customers is a question of fact, with the crucial phrase being `to customers.'" Id.

Pike concedes that he is not a securities dealer, see Plaintiffs' Memorandum in Opposition to Summary Judgment at 13, n.4, and it is undisputed that he amassed the bank stock for reasons other than for sale to customers in the ordinary course of business. Nonetheless, Pike argues that the stock constitutes "inventory" within the meaning of § 1221(1) because of the business purpose for which it was acquired, i.e., to obtain the

5

financial leverage necessary to encourage individual banks to combine into a regional behemoth. See id. at 13-14. The argument is specious given the irrelevance of taxpayer's motive in acquiring an asset. In addition, the fact that the stock, had it increased in value, later could have been sold at a profit does not classify it as non-capital inventory given the undisputed fact that Pike has never been a securities dealer. The court finds that the government properly treated Pike's stock as a "capital asset" under § 1221 for purposes of the 1989 tax return.


Conclusion

The court finds that the plaintiff's bank stock was a capital asset as defined in 26 U.S.C. § 1221. The government's motion for summary judgment (document no. 6) is granted. The clerk is ordered to close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

November 28, 1995

cc:  Eugene M. Van Loan III, Esquire
     T. David Plourde, Esquire
     Scott H. Harris, Esquire

6