**Frank A. SICLARI, Appellant,**

v.

**Marion B. FOLSOM, Secretary of the Department of Health, Education and Welfare, Appellee.**

**No. 15555.**

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1958.

Rehearing Denied March 6, 1958.

Frank A. Siclari, Oakland, Cal., in pro. per.

Lloyd H. Burke, U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, Chief Judge, and HEALY and POPE, Circuit Judges.

HEALY, Circuit Judge.

This case, here on appeal from the district court, involves an application by appellant for Old Age Insurance benefits, which application was filed in 1955 and was disallowed by a bureau of the Social Security Administration on the ground that the applicant lacked the "quarters of coverage" needed for a fully insured status under the Social Security Act (42 U.S.C.A. § 401 et seq.). Upon appellant's request for reconsideration the initial determination was affirmed, the bureau stating that the sole employment which he had shown, namely, employment with certain Federal agencies and with political subdivisions or agencies of the State of New York, was in no instance rendered in a covered employment. (The agencies and political subdivisions in question are named in the footnote below, together with the period of time during which appellant was employed in each.[1] As to the first five jobs mentioned it appears that appellant, who is a lawyer, was assigned to them by the Works Progress Administration and that his wages were paid by that agency.)

A hearing before a referee of the office of the Appeals Council of the Adminis-

---

1. New York City Charter Revision Commission, January 1937–September 1937; Law Department of the City of New York, September 1937–September 1938; Office of the County Clerk, Kings County, New York, September 1938–January 1939; Intelligence Division of the War Department, January 1939 to May 1941; Marketing Law Survey for Department of Commerce, May 1941–June 1942; and Engineering Corps of War Department, 1943 through June 1945.

tration was then granted appellant and the referee in his turn ruled as had the bureau. Appellant then asked for and was given a review by the Appeals Council itself. This body in the main approved the referee's determination, modifying it only to the extent of observing that if appellant was not, as the referee thought, an employee of the Works Progress Administration, he was in any event an employee of the several boards and other public agencies specified in his claim for benefits, the projects of which were financed in whole or in part by the Works Progress Administration. "All such boards and commissions," said the Appeals Council, "were created or obtained their authority to act from a state or a political subdivision of a state, and hence although an employer-employee relationship may have existed between such boards or commissions and the claimant, the claimant's services were excepted from coverage."

As appears in footnote 1 above, the period involved in appellant's claim for benefits extended from January 1937 through June 1942. In the earlier part of that period the term "employment" was defined in § 210(b) of the Social Security Act in relevant part as follows:

"The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer; except—

* * * * * *

"(5) Service performed in the employ of the United States Government, or of an instrumentality of the United States;

"(6) Service performed in the employ of a State, a political subdivision thereof, or an instrumentality of one or more States or political subdivisions; * * *" 49 Stat. 625, 42 U.S.C. § 410(b).

By the Social Security Act amendments of 1939, Chapter 666, Title II, § 209(b), these provisions were revised to read as follows:

"The term 'employment' means any service * * * by an em-

ployee for the person employing him * * * except— * * *

"(6) Service performed in the employ of the United States Government, or of an instrumentality of the United States which is (A) wholly owned by the United States, or (B) exempt from the tax imposed by section 1410 of the Internal Revenue Code by virtue of any other provision of law;

"(7) Service performed in the employ of a State, or any political subdivision thereof, or any instrumentality of any one or more of the foregoing which is wholly owned by one or more States or political subdivisions; and any service performed in the employ of any instrumentality of one or more States or political subdivisions to the extent that the instrumentality is, with respect to such service, immune under the Constitution of the United States from the tax imposed by section 1410 of the Internal Revenue Code; * * *" 53 Stat. 1373, 42 U.S.C. (1946 ed.) § 409(b).

Following the adverse ruling of the Appeals Council appellant filed a complaint in the district court under the provisions of 42 U.S.C.A. § 405(g), which provisions read in pertinent part as follows:

"Any individual, after any final decision of the Secretary made after a hearing * * * may obtain a review of such decision by a civil action * * * Such action shall be brought in the district court of the United States * * * As part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decisions complained of are based. The court shall have power to enter, upon the pleadings and transcript on the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The find-

ings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * * The court shall, on motion of the Secretary made before it files its answer, remand the case to the Secretary for further action by the Secretary * * * "

In the district court the government through its representative appeared and moved to remand the case to the Appeals Council and that body on the remand considered certain new evidence. One piece of evidence was a certification that no Social Security payments had ever been made to appellant's account. The other was a Form 1099 (income tax information return) submitted by appellant showing that from January 1, 1942, until June 1942 he was paid $502.68 by "Federal Works Agency: Marketing Laws Survey." Upon consideration of this evidence the Appeals Council affirmed its prior determination. The government then answered appellant's complaint in the district court.

Appellant thereupon moved for a correction of the transcript of the hearing before the referee, asserting that there were discrepancies therein between what was actually said at the hearing and what was reported by the referee's official reporter. Affidavits of the reporter and of the referee were then submitted by the government, and appellant interposed a memorandum of his own on the subject. The court denied the motion to correct without prejudice to a later consideration of the merits.

Appellant then moved for a remand of the case to the Appeals Council, and the government moved for summary judgment. Hearings on these motions were set for the same day, the motion for re-

mand because of the claim of improper transcript being heard first. The court considered the affidavits of the reporter and of the referee and the assertions of error advanced by appellant and concluded that, although there may have been a few minor discrepancies in the transcript, they had been made to reflect more clearly the tenor of what was said, and that the transcript as certified fully reflected the hearing.[2] Thereupon the court denied the motion for remand and granted the government's motion for summary judgment. This appeal followed.

We see no sufficient reason for disturbing the ruling below. Appellant's application for benefits has been carefully considered at all administrative levels and by the district court. Compare the holding of this court in the cognate case of United States v. La Lone, 9 Cir., 152 F.2d 43. As the government points out, the statutory and legal history of the Works Progress Administration discloses that all projects of that agency were designed to be projects of a public nature. Appellant insists that notwithstanding the admitted fact that he gained his employment through the Works Progress Administration, and was paid by the Works Progress Administration, and that his jobs were all in connection with projects of a public nature, nevertheless he was not employed by the United States Government or by any of its instrumentalities, or by a city, state, or county, or instrumentality thereof. But the several agencies with which he worked would appear on their face to have been Federal agencies, or instrumentalities of a state or political subdivisions or agencies of one or the other of them.

Judgment affirmed.

---

2. The court remarked that the transcript of the testimony taken before the administrative board "was a full, fair and complete transcript." It added that "this conclusion was reached only after hearing from the shorthand reporter and the plaintiff himself. There may well have been minor discrepancies but the context and purport of the transcript and testimony was accurate."