**Pasquale VACCHIO, Appellant,**

v.

**Margaret HECKLER, Secretary, Department of Health and Human Services, Appellee.**

No. 85–2023.

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1986.

Decided June 24, 1986.

James G. Kolb, Rockville, Md., for appellant.

Gabriel E. DePass, Baltimore, Md., (Richard K. Willard, Asst. Atty. Gen.; Washington, D.C., Catherine C. Blake, Acting U.S. Atty.; Randolph W. Gaines, Deputy Asst. Gen. Counsel; Dept. of Health and Human Services, Baltimore, Md., on brief), for appellee.

Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.

PER CURIAM:

Pasquale Vacchio appeals the decision of the district court affirming the denial of retirement insurance benefits by the Secretary of Health and Human Services. Because we conclude that the Secretary's construction of the relevant statutory provisions is a reasonable one, we affirm the denial of benefits to Vacchio. *See Connecticut Department of Income Maintenance v. Heckler,* —— U.S. ——, 105 S.Ct. 2210, 2215, 85 L.Ed.2d 577 (1985).

The sole issue here is whether plaintiff had the requisite number of quarters of coverage to attain fully insured status. Under the terms of 42 U.S.C. § 414(a)(1), plaintiff required 27 quarters of coverage to attain such status. An Administrative Law Judge concluded that plaintiff had only 13 quarters of coverage and accordingly denied benefits. The ALJ determined that plaintiff's service to the Civilian Conservation Corps from 1937 to 1941 was not covered employment since the plaintiff was performing services for an agency or in-

strumentality of the federal government.[1] It is from that determination that plaintiff appeals.

The statutory provisions define "quarter of coverage" as a calendar quarter in which an individual was paid $50 or more in wages or was credited with at least $100 in self-employment income. 42 U.S.C. § 413(a)(2)(A)(i). Under the applicable provisions, wages were defined as "all remuneration for employment" paid to an individual after January 1, 1937. Act of August 10, 1939, Pub.L. No. 76–379, § 209(a), 53 Stat. 1360, 1373. "Employment" was any service performed within the United States by an employee for his employer, except "[s]ervice performed in the employ of the United States Government or of an instrumentality of the United States." Act of August 14, 1935 Pub.L. No. 74–271, § 210(b)(5), 49 Stat. 620, 625. Because it is undisputed that Vacchio served as a common law employee of the CCC from 1935 to 1941, the status of the CCC is dispositive.[2] If the CCC was an instrumentality of the United States, Vacchio falls short of the requisite number of quarters of coverage.

The CCC was created by an act of Congress, "for the purpose of providing employment, as well as vocational training ... through the performance of useful public work in connection with the conservation and development of the natural resources of the United States...." CCC Act of 1937, Pub.L. No. 75–163, 50 Stat. 319 (1937). As noted by the ALJ, it was "directly administered by the Executive Branch of the federal government and wholly funded through the federal government." Levels of compensation for services performed in the CCC were determined by the President. Pub.L. No. 75–163, § 9, 50 Stat. 320. It is beyond dispute that these characteristics render the CCC an instrumentality of the government. *See*

also *Siclari v. Folsom,* 251 F.2d 365 (9th Cir.), *cert. denied,* 358 U.S. 844, 79 S.Ct. 68, 3 L.Ed.2d 78 (1958).

Vacchio asserts that the Secretary is bound by the position of the former Civil Service Commission that his status as a CCC "enrollee" was not federal employment for purposes of the civil service retirement system. Evidence indicates, however, that the issues considered by the CSC were somewhat different than those considered under the Social Security Act. We see no reason to bind the Secretary to the position of another agency in another context. Because we conclude that the Secretary's construction of applicable statutory provisions was reasonable, we affirm the denial of benefits to appellant.

AFFIRMED.

---

1. The ALJ also suggested that payments received from the CCC were not wages in any event because they constituted remuneration connected with training or unemployment relief. Our resolution of this dispute does not require us to consider this alternative ground for the result reached below.

2. We note that no Social Security withholding was subtracted from plaintiff's earnings from the CCC.