**Joseph E. TEDER, Plaintiff-Appellant,**

**v.**

**Oveta Culp HOBBY, Secretary of the Department of Health, Welfare and Education, Defendant-Appellee.**

**No. 11563.**

United States Court of Appeals Seventh Circuit.

Feb. 10, 1956.

---

14. Italics supplied.

**386**

John Ligtenberg, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill., Lawrence Fisher and John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Teder's complaint, seasonably filed, for review of an adverse decision by the Secretary[1] of the Department[2] of Health, Education, and Welfare, rendered by the Appeals Council, Social Security Administration, was dismissed by the district court June 3, 1955, and we now review that judicial affirmance of the Agency's decision.

Judicial review of final decisions made by the Administrator of the Social Security Act[3] has been circumscribed by Congress with the familiar and, here critical, phraseology found in § 205(g) of that Act:[4]

"Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action * *.

Such action shall be brought in the district court of the United States * * *. As part of its answer the Administrator shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator, with or without remanding the cause for a rehearing. *The findings of the Administrator as to any fact, if supported by substantial evidence,* shall be conclusive * * *." (Italics supplied.)

This appeal pivots solely on the problem of "substantial evidence," with Teder insisting his claim for old-age insurance benefits was justified by that caliber demonstration, and the government, equally insistent, asserting that the Appeals Council's findings meets the statutory standard of § 205(g). Initially the Bureau of Old Age and Survivors' Insurance disallowed Teder's claim on the ground he was not fully insured; this disallowance was reaffirmed upon reconsideration. At Teder's request he was granted a hearing before a referee, who after receiving parol and documentary evidence decided that Teder "should be credited with six quarters of coverage" and accordingly qualified for the benefits claimed. Subsequently the referee's decision was reversed by the Appeals Council upon a review commenced on its own motion. Teder was permitted to introduce evidence in support of his contentions, and he himself appeared at one of two supplemental hearings. There is absent any question whatever on pro-

1. Marion B. Folsom, Secretary of Health, Education and Welfare was substituted, by order of the district judge, as party defendant for Oveta Culp Hobby, predecessor Secretary.

2. "All functions of the Federal Security Administrator were transferred to the Secretary of Health, Education, and Welfare and all agencies of the Federal Security Agency were transferred to the

Department of Health, Education, and Welfare by section 5 of 1953 Reorg. Plan No. 1, eff. Apr. 11, 1953, 18 F.R. 2053, 67 Stat. 631 * * *." 42 U.S.C. at page 1274, 42 U.S.C.A. § 302 note.

3. Referring generally to chapter 7 of 42 U.S.C., as amended 42 U.S.C.A. § 301 et seq.

4. 53 Stat. 1360, 1370, as amended 42 U.S.C. § 405(g), 42 U.S.C.A. § 405(g).

cedural phases of Teder's claim as it moved through the various administrative levels.

When the district judge held that the Appeals Council decision complied with § 405(g), he had before him briefs of the parties and a certified copy of the transcript of record including the evidence upon which the findings and conclusions complained of were based. We agree with the district judge's ruling. Our basis for disposing of Teder's appeal rests squarely on the italicized language, already quoted from § 405(g). See Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754; United States v. LaLone, 9 Cir., 1945, 152 F.2d 43.

To qualify for the benefits he claimed, Teder sought to establish that he was self-employed, as a dealer of rare medical books, from January 1, 1951 through December 31, 1951, and that during the months of January through June 1952 he had been employed "as a sort of store detective for * * * a gasoline service station * * *"[5] The record we have carefully canvassed consists primarily of evidentiary materials underlying the Council's decision, which Teder would have us overturn by his attack leveled at the Council's view, evaluation and interpretation of such evidence. We decline to do so under the statutory mandate.

The judgment of the district court is affirmed.

Affirmed.

SCHNACKENBERG, Circuit Judge (concurring).

The record before us shows that the district court affirmed the decision of the Secretary of the Department of Health, Education, and Welfare. The record further shows that the district court dismissed Teder's complaint. This latter action was improper under the statute quoted in the foregoing opinion, and is surplusage.

---

5. Brief of plaintiff Teder at page 6. The texture of Teder's viewpoint in this appeal is suggested by the following passage from his brief and argument at page 12:

"It is further submitted that the record clearly indicates an attempt on the part of the administration, acting through the Appeals Council, to deprive the plaintiff of the benefits he had earned. It is clearly implied throughout the hearing that the Social Security Administration does not like people who deliberately go out to qualify for social security benefits. We may fairly infer that the Appeals Council decided to re-

view the decision of the Referee, principally because the claimant frankly admitted that he went to work in order to qualify for benefits."