Charles W. JAMIESON, Plaintiff,

v.

Marion B. FOLSOM, Secretary of Health, Education & Welfare, Defendant.

No. 58 C 725.

United States District Court
N. D. Illinois, E. D.
March 11, 1959.

Charles W. Jamieson, Chicago, Ill., pro se.

Robert Tieken, U. S. Atty. for Northern Dist. of Illinois, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff, who was born January 12, 1885, filed application with the Bureau of Old-Age and Survivors Insurance, Social Security Administration, Department of Health, Education and Welfare, for "old-age insurance benefits" on April 25, 1950 under Section 202(a) of the Act (42 U.S.C. § 402(a)), and was determined to be "entitled" to such monthly payments. On August 23, 1955, plaintiff alleging he had earned only $1,192, returned his check for the month of July 1955, stating that he was "now employed" and requesting that no further checks be mailed to him until further notice. He later returned his August check for the same reason. His checks were therefore withheld for the remainder of the year 1955. In March, 1956, plaintiff filed with the Bureau his "Annual Report of Earnings" for 1955 in which he stated that his total earnings in the year had been more than $2,080. In his annual report, plaintiff also stated that he did not expect his total earnings for the coming year to exceed $1,200. On the basis of his annual report, plaintiff's benefits were withheld for the first 6 months in 1956 to offset the overpayment in 1955. Since plaintiff reported he would not have net earnings in excess of $1,200 in 1956, payments were resumed for the last half of 1956.

As before, plaintiff returned his check for July, 1956 and August, 1956, and further payments were withheld. In February, 1957, plaintiff filed his annual report for 1956 stating that his earnings had been more than $2,080.

Being dissatisfied with the Bureau's (Bureau of Old-Age and Survivors Insurance, Social Security Administra-tion) determination that he had been overpaid for the first 6 months of 1955 and that recovery should not be waived, plaintiff requested a hearing before a referee of the Social Security Administration, which hearing was held at Chicago, Illinois, on July 11, 1957, resulting in a decision dated December 9, 1957, in which the referee agreed with the determination of the Bureau and found that plaintiff was overpaid $531 for the first half of 1955, and that recovery was proper and should not be waived. On February 26, 1958, the Appeals Council denied plaintiff's request for review. Subsequently, he brought this action under 42 U.S.C. § 405(g).

It was and is plaintiff's contention that the Bureau misapplied the "deductions" provisions of the Act. He argues that he has a right to the benefits which were paid him in 1955 up to the time his earnings had reached $1,200, and further, that he has a right to benefits, which the bureau has withheld, for the first half of 1956 on the same basis. Plaintiff's view as to the proper application of the "deductions" provisions of the Act, together with the question of whether he qualified for a "waiver" of recovery of the overpayment which was made him in the first half of 1955 (531.00), form the only issues presented in this case.

Section 405(g) of the Act vests the Court with " * * * power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing". It also provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." In Hobby v. Hodges, 10 Cir., 215 F.2d 754, the rather confused procedure under the Act as well as the jurisdiction of the courts were summarized as follows at page 757:

"The Act provides that the Administrator (now Secretary) shall make findings of fact and decisions as to rights of any individual applying for benefits. Whenever any such individual makes a showing that his

or her rights may be prejudiced by a decision, then a hearing shall be had with respect to such decision and the Administrator may affirm, modify or reverse the decision based upon the evidence adduced at the hearing. The Administrator on his own motion may hold such hearings, conduct investigations and other proceedings as he may deem necessary or proper for the administration of the Act. 42 U.S.C. § 405 (b). When a decision becomes final after a hearing, any individual who was a party to the hearing, may obtain a review of the decision by commencing a civil action in the proper United States District Court within sixty days after the mailing to him of the notice of the decision. The court has the power to enter, upon the pleadings and the transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator with or without remanding the cause for a rehearing. The findings of the Administrator are conclusive upon the court as to any fact if supported by substantial evidence. 42 U.S.C. § 405(g). The Act thus places the initial burden upon the Administrator to make a decision as to claims by individuals from the application alone. If the individual is dissatisfied with the decision, a hearing may be demanded at which evidence is taken for the purpose of determining the correctness of the decision. It is only after the hearing that the individual may obtain a court review. The review is not a trial de novo but is limited to the pleadings and the transcript of the proceedings at the hearing. The district court has jurisdiction only to review the record. The statute does not give the district court power to treat the complaint as a mandamus action against the Administrator or to hold a hearing and determine the merits of the claim. The determination of

claims is solely a function of the Administrator."

At page 759, the court concludes:

"When a claimant makes an application, the Act provides a detailed and comprehensive procedure for determining the benefits due. It was the evident purpose of Congress that this determination was to be the function of the Secretary and not the courts * * *"

■ Thus, in this decision and many others, the plain language of the statute has been interpreted to limit the jurisdiction of the court to the single issue of whether the findings complained of were supported by substantial evidence. Teder v. Hobby, 7 Cir., 230 F.2d 385; United States v. Lalone, 9 Cir., 152 F.2d 43; Walker v. Altmeyer, 2 Cir., 137 F.2d 531. Also see Title 5 U.S.C. § 1009(e).

Title 42 U.S.C. § 403(b) (1) insofar as pertinent provides as follows:

"(b) Deductions, in such amounts and at such time or times as the Secretary shall determine, shall be made from any payment or payments under this Title to which an individual is entitled, until the total of such deductions equals such individual's benefit or benefits * * * for any month—

"(1) in which such individual is under the age of seventy-two and for which month he is charged with any earnings under the provisions of subsection (e) of this section * * *."

Section 403(e) insofar as pertinent provides as follows:

"(e) For the purposes of subsection (b) and (c) of this section—

"(1) If an individual's earnings for a taxable year of twelve months are not more than $1,200, no month in such year shall be charged with any earnings. If an individual's earnings for a taxable year of less than twelve months are not more than the product of $100 times the

number of months in such year, no month in such year shall be charged with any earnings.

"(2) If an individual's earnings for a taxable year of twelve months are in excess of $1200, the amount of his earnings in excess of $1200 shall be charged to months as follows: The first $80 of such excess shall be charged to the last month of such taxable year, and the balance, if any, of such excess shall be charged at the rate of $80 per month to each preceding month in such year to which such charging is not prohibited by the last sentence of this paragraph, until all of such balance has been applied. * * * "

 Although the Social Security Act does not admit of facile comprehension, it is clear from a reading of the pertinent provisions that plaintiff was entitled to receive old-age insurance benefits in 1956 in accordance with 42 U.S.C. § 402 but those benefits were subject to deductions by virtue of 42 U.S.C. § 403 (b) based upon the formula set forth in 42 U.S.C. § 403(e) (2) since plaintiff admittedly earned in excess of $2,-080.00 in 1955. In this respect, the Secretary's decision is affirmed.

42 U.S.C. § 404(b) provides:

"(b) There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is without fault (including payments made prior to January 1, 1940), and where adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

The Social Security Administration Regulations regarding this Section are found in 20 C.F.R. Secs. 404.506–404.511 and provide in part as follows:

"Sec. 404.506 *General applicability of Section 204(b) (42 U.S.C. Sec. 404(b))*. Section 204(b) of the Act provides that there shall be no adjustment or recovery (by legal action or otherwise) by the United States in the case of an incorrect payment to an individual * * * if the following conditions exist:

"(a) Such individual is without fault, and

"(b) Adjustment or recovery would either:

"(1) defeat the purpose of Title II of the Act, or

"(2) be against equity and good conscience.

"Sec. 404.507 *Fault*—'Fault', as used in 'without fault' (see Sec. 404.506) applies only to the individual. * * * What constitutes fault, except for 'deduction overpayments' (See 404.510) depends upon whether the facts show the incorrect payment resulted from:

"(a) an incorrect statement made by the individual which he knew or should have known to be incorrect;

"(b) failure to furnish information which he knew or should have known to be material; or

"(c) acceptance of a payment which he either knew or could have been expected to know was incorrect.

"Sec. 404.508 *Defeat the purpose of Title II*. 'Defeat the purpose of Title II' means defeat the purpose of benefits under this Title, i.e., to provide at least a subsistence income for beneficiaries. This depends upon whether the individual has an income or financial sources sufficient for more than ordinary needs, or is largely or solely dependent upon current payment of benefits for the necessities of life.

"Sec. 404.509 *Against equity and good conscience*. 'Against equity and good conscience' means that it would be inequitable to ask for repayment from the individual (regardless of his financial circumstances). This depends upon whether the individual by reason of the payment has

"(a) Relinquished a valuable right, e. g., a wage earner who has

retired from employment which he is now unable to regain; or

"(b) Changed his position for the worse, e. g., a wage earner entered into employment relying on the erroneous advice of a Bureau representative that his employment after entitlement is not covered and did not report the employment."

■ The referee in his decision concludes that plaintiff was "not without fault" and thus was not entitled to a "waiver" under Sec. 404(b). To reach this conclusion, the referee first took plaintiff's total wages for 1955 which were $2,418.83 and then divided this sum by 12, to represent plaintiff's monthly income, and then multiplied this sum by 6 to represent plaintiff's earnings for the first 6 months of 1955, arriving at a sum of $1,209.41. The referee further refers to plaintiff's "Refund Questionnaire" which was executed May 6, 1957, and in which plaintiff states that his usual total monthly wages are $220. From this Questionnaire executed in *1957*, the referee concludes that plaintiff earned at least $1,320 for the first six months of *1955* and not $1,192 as plaintiff alleges and that therefore plaintiff exceeded $1,200 and "was not without fault in receiving benefit checks for the first six months of 1955." The mathematical manipulation of plaintiff's wages which the referee has engaged in is not "substantial evidence."

Furthermore, the referee has not considered whether or not recovery in this instance would defeat the purpose of the Act or whether recovery would be against equity and good conscience as provided in Sec. 404(b), though there is evidence in support of these contentions under the Regulations.

I find the referee's decision that plaintiff was "not without fault" is not supported by substantial evidence and therefore is arbitrary and capricious under 5 U.S.C. § 1009(e). Therefore, the decision of the Secretary in regard to "waiver" under Sec. 404(b) is reversed and the cause is remanded for further hearing consistent with the views herein expressed.