Barbara DVORAK, a/k/a Barbara Palonsky, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, and the United States of America, Defendants.

No. 74 C 3083.

United States District Court, N. D. Illinois E. D.

Sept. 24, 1975.

overpayment pursuant to 42 U.S.C. § 404(a) and (b).

In order to reach that conclusion, the Administrative Law Judge entered findings that there had been an overpayment in the amount specified, which is not in dispute here; that neither plaintiff nor her uncle was "without fault" in causing the overpayment; and that a recovery by the government would not be against equity and conscience or defeat the purpose of the Act. See, Hearing Decision, Tr. pp. 8–17. This decision was affirmed by the Appeals Council. Tr. p. 4.

Insofar as questions of fact are concerned, this Court's scope of review is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); *Lahr v. Richardson*, 476 F.2d 1088, 1090 (7th Cir. 1973); *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971). After a review of the transcript of the proceedings herein, the Court finds substantial evidence to support the finding of an overpayment and that plaintiff was not without fault. The latter finding ultimately rested upon the credibility of the witnesses, and it is not this Court's function to redetermine that question. *Moon v. Celebreeze*, 340 F.2d 926 (7th Cir. 1965).

Title 42 U.S.C. § 405(j) authorizes payment of social security benefits either directly or indirectly through a representative payee. The latter is the situation in the case at bar. From the point of view of the Secretary, payment to the representative is payment to the recipient. The cases plaintiff suggests for an opposite conclusion are inapposite. Under 42 U.S.C. § 404(b), the only defense to an action by the Secretary for a recovery is that the recipient was without fault with respect to the overpayment. The Secretary having decided plaintiff was not without fault, and such finding being supported by substantial evidence, our inquiry is at its end. *See, Morgan v. Finch*, 423 F.2d 551 (6th Cir. 1970).

Therefore, defendants' motion for summary judgment is hereby granted.

William C. Butcher, Chicago, Ill., for plaintiff.

Frederick H. Branding, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This case comes before the Court on defendant's motion for summary judgment. The action was filed seeking review of a decision of the Secretary of Health, Education and Welfare finding the plaintiff Barbara Dvorak, a/k/a Barbara Palonsky, had received an overpayment in social security benefits to the extent of $650.20, and that she and her uncle, Alfred R. Giacchetti, were jointly and severally liable for refunding the