**Gloria G. ABRAMS, as Representative Payee of Zachary Abrams**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

No. C77–1795A.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 18, 1982.

John S. Graettinger, Jr., Kenneth A. Hindman, Atlanta, Ga., for plaintiff.

James E. Baker, U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

This action was filed November 8, 1977, by Gloria G. Abrams, as representative payee of Zachary Abrams. Named as defendant was the Secretary of Health, Education, and Welfare, the Department now known as Health and Human Services. Plaintiff sought disability benefits for Zachary Abrams under the Federal Old Age, Survivors, Disability Insurance Benefits subchapter of the Social Security Act, 42 U.S.C. § 401 *et seq.*, invoking the Court's jurisdiction under 42 U.S.C. § 405(g). She sought judicial review of the Secretary's denial of her petition and of his decision that plaintiff and claimant were not without fault in causing an overpayment in the sum of $3,883.10 to be made.

In an order filed October 24, 1978, this Court adopted as the opinion and order of the Court the proposed report and recommendation of the United States Magistrate filed September 20, 1978. The Court granted the Secretary's motion for summary judgment as to the issue of the denial of the

claimant's entitlement to disability insurance benefits, but remanded the case for further articulation by the Secretary on the question of his attempt to recover an overpayment. Specifically, the Court instructed the Secretary to look to 20 C.F.R. § 404.-510a, which defines the condition of being "without fault" in an entitlement overpayment; to determine the use by plaintiff and claimant of the overpaid funds; and to determine the circumstances surrounding the parties' conduct in accepting the overpaid funds.

On remand, the case was referred to Administrative Law Judge (ALJ) Albert P. Feldman, who conducted an oral hearing at Atlanta, Georgia, on February 26, 1979. The ALJ examined both plaintiff Gloria Abrams and claimant Zachary Abrams. He determined the issue before him to be whether the claimant and his representative payee were without fault in causing the erroneous payment of benefits, and made the following findings of fact:

### FINDINGS OF FACT

1. The claimant filed his application for a period of disability and disability insurance benefits on April 25, 1974, with an alleged onset of March 31, 1974.

2. The claimant returned to work in July 1974, performing substantial gainful activity on a regular basis and continued to be employed through 1974, 1975, 1976, and at least 1977.

3. The claimant had a psychiatric impairment.

4. An overpayment in the amount of $3,883.10 was incurred on the account of the wage earner.

5. The representative payee made a statement to Social Security in October 1974, that was not true.

6. She gave to Social Security notice that the claimant had returned to work in December 1974, which statement was not true.

7. Her testimony as to her reason for making the false statement as to the claimant's date of return to work and her statements as to what was allegedly said to her by Social Security personnel as regards the checks are not credible.

8. The claimant was without fault in incurring the above overpayment.

9. The representative payee was not without fault in incurring the above overpayment, and in fact, was the cause of said overpayment.

Tr. at 102–03. He then made the following recommendation to the Secretary:

It is the recommended decision of the Administrative Law Judge that the representative payee was not without fault in causing the overpayment in the sum of $3,883.10. The overpayment therefore may not be waived as to her.

It is the further recommended decision of the Administrative Law Judge that the claimant was without fault in causing the overpayment. Repayment is waived.

The Appeals Council adopted the findings and conclusions in the recommended decision, tr. 93, and it is those findings and conclusions that are here to be reviewed.

This Court's function in reviewing the final decision of the Secretary is limited to a determination of whether the Secretary's findings are supported by substantial evidence and whether proper legal standards were applied. 42 U.S.C. § 405(g); *Knott v. Califano*, 559 F.2d 279 (5th Cir. 1977). This Court will not and cannot reweigh the evidence. *Davis v. Schweiker*, 641 F.2d 283, 285 (5th Cir. 1981).

■ Plaintiff initially argues that Zachary Abrams' period of disability has never been properly terminated, meaning there has been no overpayment for the Secretary to pursue. The Court may quickly dismiss that argument because the Court's order filed October 24, 1978, adopting the report and recommendation of the magistrate, granted the Secretary's motion for summary judgment as to the issue of the denial of the claimant's entitlement to disability insurance benefits. That this ruling does not yet appear in a judgment is due to the fact that the case has remained open on the

remanded matters; nevertheless, the ruling has previously been made.

Secondly, plaintiff argues that no cause of action may be implied from the Social Security Act to allow the Secretary to hold plaintiff Gloria Abrams personally liable for overpayments made to her brother since she was the representative payee and not the claimant. Plaintiff argues that while 42 U.S.C. § 405(j) provides for payment to be made to a relative or other person such as plaintiff under certain circumstances, section 404(a)(1), which provides for the recovery of overpayments, only provides the Secretary a cause of action against the overpaid person or his estate. Accordingly, plaintiff contends, the suit against her has no statutory basis.

The Secretary contends that a representative payee may be held jointly and severally liable with a beneficiary for an overpayment, citing *West v. Califano*, No. 79–C–264 (N.D.Ill., December 4, 1979). *West* relied on *Dvorak v. Weinberger*, 405 F.Supp. 1398 (N.D.Ill.1975), for its holding that from the point of view of the Secretary, payment to the representative is payment to the recipient, making recovery against a representative payee proper. In a similar vein, in *Department of Health and Rehabilitative Services v. Davis*, 616 F.2d 828 (5th Cir. 1980), a case noted by plaintiff, the Fifth Circuit approved a state agency's recovery of federal social security and veteran's benefits from an incompetent's guardian despite federal exemption statutes.

■ While the Court concedes to plaintiff that the statute does not expressly state that a suit for recovery of overpayments may be pursued against a representative payee, the Court agrees with the Secretary that the statutory scheme which provides for payments to an incompetent's representative also provides a cause of action against a representative who received overpayments and is found to be "at fault" for the overpayments. The common law action for restitution, which allows recovery for money had and received where money is paid under a mistake of fact or has been obtained through fraud, imposition, extor-

tion, or undue advantage provides the setting in which the recovery statute was enacted. The representative payee, claimant's sister, informed the Social Security Administration that the claimant had no income when she applied to be his representative payee on October 14, 1974, tr. at 44, despite the fact that the claimant had returned to work in July 1974. Tr. at 102 (Finding of Fact No. 2). Having made this statement and having induced the disability benefit payments, the representative may not be heard to contend that she may not be sued for overpayments her misstatements caused.

The plaintiff contends further, however, that even if 42 U.S.C. § 404(a) provides a cause of action against her, the Secretary has applied an improper standard by which to measure her fault. Recovery of overpayments may be waived by the Secretary under 42 U.S.C. § 404(b) if recovery would defeat the purpose of the subchapter or would be against equity and good conscience. Plaintiff argues that because all funds she received were used by her brother the claimant, tr. at 100, a less strict standard of fault should be applied to her. Her argument is that because she was not compensated for her task as representative payee in assisting her brother, she should be held liable only if she converted the funds received to her own personal use. The Court disagrees.

■ The Court finds that recovery of the funds paid to the plaintiff as the claimant's representative payee, which funds were obtained as a result of plaintiff's untrue representation to the Social Security Administration, will *enhance* the purpose of the Social Security Act, not defeat it as is argued, by providing additional funds for the truly disabled. The Court further finds that considerations of equity and good conscience compel *recovery*, not waiver thereof as is argued, under the facts at bar where a representative payee whose statements caused an overpayment was the claimant's own sister with whom he lived while he drew improper disability payments while employed. Accordingly, plaintiff's chal-

lenge to the legal tenets applied to the unchallenged facts found by the ALJ is without merit, and the recommendation of the ALJ, adopted by the Appeals Council, and thus the Secretary, is AFFIRMED.

The Court finds therefore that as to the representative payee, she was not without fault in causing an overpayment in the sum of $3,883.10, and judgment shall be had in that amount against her in favor of the Secretary. The judgment shall deny the claimant Zachary Abram's claim for disability benefits pursuant to the Court's order of October 24, 1978, as discussed above.