June B. CORR, for Joan L. CORR (Stevens), Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Civ. No. S84-689.

United States District Court, N.D. Indiana, South Bend Division.

Nov. 29, 1989.

June B. Corr, pro se.

U.S. Atty., N.D. Indiana, for defendant.

## MEMORANDUM OPINION AND ORDER

ALLEN SHARP, Chief Judge.

June B. Corr (the "Plaintiff") (on behalf of her daughter, Joan L. Corr) appeals from the final decision of the Secretary of Health and Human Services (the "Secretary") concluding that Plaintiff, as her daughter's (Joan's) representative payee, had received excess Child's Insurance Benefits totaling $ 1,388.20, and that recovery of this amount from the Plaintiff may not be waived. Jurisdiction over Plaintiff's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

### I.

On October 6, 1983, Plaintiff was notified by the Social Security Administration (SSA) that she had received an overpayment of Child's Insurance Benefits on behalf of her daughter, Joan L. Corr (R. 94). A reconsideration determination explained that the overpayment had resulted from Joan's excess earnings in 1981, the year she attained the age of 18 and lost her entitlement to benefits (R. 107–09, 131). Plaintiff challenged her obligation to repay. Plaintiff subsequently requested a hearing, which was held before an administrative law judge (ALJ). In a decision issued April 20, 1984, the ALJ concluded that Plaintiff had received an overpayment, that she was not without fault in receiving and accepting the

overpayment, that she had received the benefits as representative payee for Joan, that she had used the benefits on Joan's behalf, and that recovery of the overpayment was not waived (R. 66). That decision became the final decision of the Secretary on September 4, 1984, when the Appeals Council denied Plaintiff's request for review. In November, 1984, Plaintiff commenced the present action for judicial review, electing to proceed *pro se*. In July, 1987, this court remanded the case for a new hearing and instructed the ALJ to determine the precise amount of the overpayment and whether the overpayment should be waived. On remand, the ALJ found that Plaintiff was overpaid, on Joan's behalf, in the amount of $ 1,388.20, and that recovery of this amount from the Plaintiff, as Joan's representative payee, may not be waived (R. 210). That decision became the final decision of the Secretary on July 5, 1988, when the Appeals Council again denied Plaintiff's request for review (R. 191). Plaintiff appeals that determination and petitions this court to reevaluate the ALJ's conclusion. In accordance with this circuit's rule in *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982), the *pro se* Plaintiff has received due and timely notice of the consequences of failing to respond with affidavits to the Secretary's motion for summary judgment. In fact, on September 19, 1989, within two weeks after the Secretary filed his summary judgment motion, and then again on November 9, 1989, Plaintiff filed responses to the defendant's dispositive motion. Plaintiff also filed a motion for consideration of the case's important facts.

## II.

The Act itself provides the standard of review to be applied in this case: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Thus, Plaintiff must reimburse the Social Security Administration (SSA) for overpayments made on Joan's behalf if this court finds the ALJ's decision grounded in substantial evidence. Substantial evidence is that quantum of relevant evidence which "a rea-sonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Act provides that, whenever more than the correct amount in benefits has been paid to a recipient, the Secretary shall require the overpaid person to refund the excess amount. 42 U.S.C. § 404(a); 20 C.F.R. §§ 404.501–404.502. To mitigate the potential harshness of this recovery rule, the Act further provides that

[i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

42 U.S.C. § 404(b); *see* 20 C.F.R. § 404.506.

Plaintiff's *pro se* complaint alleges she should not be held legally liable for repayment because (1) all funds received were earmarked for, and indeed were spent on, Joan's behalf, and (2) Plaintiff's financial hardship renders her unable to repay this obligation. The court is mindful of its obligation liberally to construe a *pro se* litigant's complaint so that her claims are given "fair and meaningful" consideration. *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir.1982), quoting *Madyun v. Thompson*, 657 F.2d 868, 876 (7th Cir.1981). The court addresses each allegation in turn.

## III.

■ The Act itself does not expressly provide for a cause of action to recover overpayments from a representative payee. But where a statute provides for payments to a beneficiary's representative, the court may reasonably infer that Congress also intended for recovery from that representative of any *over*payments. Thus, this court finds the statutory scheme to provide a cause of action against a representative who is "at fault" for receiving overpayments. *See Abrams v. Schweiker*, 543 F.Supp. 589, 592 (N.D.Ga.1982).

■ The term "fault" contemplates a culpable representative who knowingly has acted improperly (say, by receiving overpayments) in light of her then-relevant circumstances, including age, intelligence, education, and physical and mental condition. 20 C.F.R. § 404.507. For purposes of the Act's fault provisions, therefore, ignorance of the law *is* an excuse.

■ As representative payee, Plaintiff was charged under the law with notifying the Secretary of Joan's excess earnings that would reduce the amount of Child's Insurance Benefits she was entitled to receive. During the applicable period, January–June, 1981, the earnings limit was $ 4,080 per year, or $ 340 per month. The ALJ noted that Joan's earnings from her high school job exceeded the exempt amount in each month during this period, except April (R. 203). Because he found Plaintiff at fault for not reporting Joan's extra earnings, the ALJ, accordingly, found Plaintiff liable for reimbursing the excess sums paid during the months January to March, and May to June.

In its remand order, this court cautioned the ALJ not to find Plaintiff at fault merely for not knowing that Joan would thereafter receive excess earnings. The court indicated that Plaintiff is not to be held to a standard of strict liability, nor does hindsight constitute substantial evidence. Mindful of this caveat, the ALJ on remand found Plaintiff at fault because she had failed to report the excess earnings after they had accrued. It mattered not that Plaintiff claimed ignorance of Joan's actual earnings, for "[Plaintiff] had the obligation to report what those earnings were, could easily have found out what those earnings were, and, therefore, could reasonably have been expected to find out what those earnings were and report them to the Social Security Administration." The court agrees and finds Plaintiff not to have been "without fault." The court's review of the ALJ's fault determination is guided by the standards articulated in sections 404.510 and 404.511 of the Code of Federal Regulations ("Regulations").[1]

Section 404.511(a) specifies the high degree of care an individual owes to ensure that the SSA is notified of any circumstances that would give rise to deductions from a beneficiary's monthly benefit check. Whether Plaintiff exercised the necessary degree of care is a question of her subjective circumstances. Although "the Social Security Act does not admit of facile comprehension," *Jamieson v. Folsom,* 170 F.Supp. 858, 861 (N.D.Ill.1959), this Plaintiff appears well versed in Social Security matters. The record indicates that Plaintiff previously has filed suit in United States District Court, representing herself in Social Security litigation that dealt specifically with the application of the annual earnings test, and, in the ALJ's words, demonstrating a greater familiarity with the Act's provisions and nuances than possessed by many SSA employees (R. 207). Moreover, Plaintiff apparently has also written several letters to her local newspaper (South Bend Tribune) criticizing what she regards as the unfairness of the annual earnings test. She is no doubt quite knowledgeable about the test, its requirements and application.

Plaintiff likely had a very good idea that Joan's earnings exceeded the exempt amount, that she was obliged to report such excess income to the SSA, and that failure to do so meant Joan received overpayments to which she was not entitled. Plaintiff testified she knew how much Joan earned per hour (R. 230) and presumably knew or could easily have learned how many hours per week Joan was working. Because standard procedure is to send representative payees periodic reminders of their reporting requirements, Plaintiff is assumed to have received such information, absent evidence to the contrary. The court concludes that, in light of her understanding and comprehension of the Act and its provisions, Plaintiff did not exercise the

---

**1.** It is without dispute that the overpayment at issue in the present proceeding is a "deduction" overpayment, arising because Joan's excess earnings required deductions under 42 U.S.C. § 403(b). The relevant duties of care for deduction overpayments are set forth in the Regulations at sections 404.510 and 404.511.

degree of care required of a representative payee who received Child's Insurance Benefits on her daughter's behalf.

Plaintiff claims that she acted without fault because, under section 404.510, accepting an overpayment is excused where any of twelve independent circumstances is satisfied. Plaintiff insists that four such exculpating provisions apply to her situation:

(b) Reliance upon erroneous information from an official source within the SSA;

(f) Unawareness that her earnings were in excess of the earnings limitations;

(m) Reasonable belief that employment earnings do not cause deductions from pretermination benefits;

(n) Failure to understand the Act's deduction provisions.

As to subsection (b), the court agrees with the ALJ that Plaintiff's background makes it unlikely that she would have detrimentally relied on alleged misstatements by a SSA employee: "[Plaintiff] is the type of person that reads the law herself rather than depending upon the interpretation of someone else" (R. 207).

Subsection (f) provides no relief because the evidence indicates that Plaintiff knew exactly what was the exempt amount (R. 325) [2] and, as mentioned, she testified that she knew her daughter's hourly wage. The court finds that Plaintiff was fully aware of the earnings requirements, and that her daughter had improperly exceeded them.

Plaintiff cannot rely on subsection (m) because the overpayments resulted from excess monthly earnings while Joan still was entitled to benefits, not from any excess earnings arising after termination already had occurred.

Because the evidence indicates that Plaintiff is no novice regarding the Act's earnings limitations and deduction requirements, subsection (n) provides no relief either. The court finds it unlikely that Plaintiff failed to appreciate the Act's deduction provisions, or that she was unaware that Joan's earnings were excessive and thus required a deduction from her daughter's monthly benefits. Accordingly, the court finds substantial evidence to support the ALJ's determination that Plaintiff was not "without fault" in causing the overpayments, and that reimbursement thus may not be waived.

Plaintiff asks the court to consider her financial hardship in deciding the merits of this action. The court's finding that Plaintiff was not "without fault" precludes further review under section 404.506 that recovery might be waived. The section provides that an individual's financial condition is relevant only if she is first determined to have acted "without fault." That not being the case, the court declines Plaintiff's invitation to delve into her personal financial predicament.

### IV.

Based on the foregoing review of the record in this case, the court finds substantial evidence to support the Secretary's finding that Plaintiff received overpayments in the amount of $ 1,388.20, and that recovery of this overpayment may not be waived. Accordingly, the Secretary's decision is AFFIRMED; Plaintiff's motion for reconsideration of the case is DENIED; and the Secretary's motion for summary judgment is GRANTED. IT IS SO ORDERED.

---

**2.** Plaintiff reported that Joan's expected annual earnings for 1981 were $ 3,720, which was exactly the annual earnings exemption for 1980.