**John Timothy SIGNER a/k/a John Timothy Siner, Plaintiff,**

v.

**INDIANA UNIVERSITY FOUNDATION, Indiana University Foundation Board of Directors, Richard Beard, in his official capacity, Max Jordan, in his official capacity, and Harvey Bunke, in his official capacity, Defendants.**

**No. IP 87–601–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 25, 1990.

---

John Timothy Signer, Bloomington, Ind., pro se.

Brian K. Burke, Todd M. Nierman, Baker & Daniels, Indianapolis, Ind., for defendants.

**ENTRY REGARDING NOTICE TO PRO SE PLAINTIFF OF OPPORTUNITY TO SUBMIT AFFIDAVITS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TINDER, District Judge.

This cause comes before the court on the defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff, who is acting pro se in this case, has submitted a brief in opposition to the defendant's motion and several exhibits, including documents, and defendant's responses to plaintiff's interrogatories. The plaintiff has also submitted a motion to amend his brief in opposition and has attached an additional exhibit to that motion (a documentary exhibit). This court granted plaintiff's motion to amend on July 16, 1990. However, the plaintiff has not submitted any affidavits in opposition to the motion for summary judgment, not even his own affidavit.

The court's ruling on the defendant's motion for summary judgment is complicated by the fact that the plaintiff in this case is acting pro se. Pro se litigants are entitled to certain rights not afforded litigants with lawyers. For example, in *Lewis v. Faulkner*, the Seventh Circuit held that prisoner pro se litigants were entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment. 689 F.2d 100, 102 (7th Cir.1982). As a result of *Lewis*, pro se prisoners are immune from adverse summary judgment decisions unless they have been provided with "a short and plain statement that any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* Acting on Judge Posner's suggestion in *Lewis, id.* at 102–03, government lawyers have assumed the burden of sending this notice to pro se prisoner litigants in cases in which a governmental entity or employee moves for summary judgment.

Unfortunately, the pro se plaintiff in this case has not been provided with any such notice. Although this plaintiff is not a prisoner (and is thus outside the protection of *Lewis*'s holding, *see id.* at 102 ("We leave for another day the possible extension of our new rule to other classes of *pro se* civil litigants")), this court believes that *Lewis* ought to be extended to immunize even non-prisoner pro se litigants from ad-

verse summary judgment decisions, entered *sans* notice. At least two district court judges from this circuit have already made this extension, albeit implicitly. *See Corr ex rel. Corr v. Sullivan,* 725 F.Supp. 413, 414 (N.D.Ind.1989) (Sharp, J.) (in social security case, court noted that pro se plaintiff had received notice in accordance with *Lewis* ); *Hights v. International Harvester Co.,* 675 F.Supp. 418, 419 n. 2 (N.D.Ill. 1987), *aff'd,* 873 F.2d 1443 (7th Cir.1989) (Shadur, J.) (characterizing *Lewis* as establishing a "uniform practice whenever Rule 56 motions are asserted against unrepresented litigants").

The extension of *Lewis* to protect non-prisoner pro se litigants is only natural. The right of a litigant to have a "reasonable opportunity" to submit affidavits in opposition to a motion for summary judgment is not a right that should be exclusively held by pro se prisoners. The holding in *Lewis* was premised on the assumption that prisoners are laymen who lack an instinctive awareness of the purpose of a motion for summary judgment. *Lewis,* 689 F.2d at 102. Among the class of pro se litigants, however, prisoners are perhaps as well informed about the judicial system and the applicable rules as any pro se group imaginable. Prisoner litigants have access to law libraries and "jailhouse lawyers," and have the time needed to fully develop their cases. In contrast, non-prisoner pro se litigants may lack the institutional knowledge about the law that develops within the confines of the prison systems. It is only natural that less knowledgeable non-prisoner pro se litigants should also receive notice.

Admittedly, extending this right to non-prisoner pro se civil litigants may impose a greater burden on this court than was envisioned by Judge Posner in *Lewis. Cf. id.* at 102–03 (Seventh Circuit suggests that the three state attorneys general in this circuit ought to assume the responsibility of notifying pro se prison litigants). The private bar is much larger than the pool of government lawyers who traditionally defend against prisoner civil actions. As a larger body, the private bar is likely to be less aware of the obligation to give notice, and hence will be less likely to "lift this new burden from the judges' shoulders." *Id.* at 102. Judges will need to devise some mechanism by which to inform the private bar of this newly created obligation to send notice to pro se litigants * or else assume the responsibility of sending this notice themselves. However burdensome this new job may be to a court, it does not outweigh the right of all pro se litigants to have a "reasonable opportunity" to submit affidavits in opposition to summary judgment.

Thus, the pro se plaintiff in this case ought to be provided with the same notice provided to prisoner pro se litigants under *Lewis v. Faulkner.* Because the plaintiff in this case has not been given such notice, this court must defer a ruling on the defendant's motion for summary judgment. Instead, this court now provides notice to the plaintiff through the accompanying order.

## NOTICE AND ORDER REGARDING PLAINTIFF'S RIGHT TO SUBMIT EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The court, having examined defendant's motion for summary judgment and having found absent from that motion any notice to the plaintiff, as suggested in *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), now provides the following NOTICE to the plaintiff, John Timothy Signer:

By its motion for summary judgment, the defendant, Indiana University Foundation, is asking to have this suit decided in its favor without a full scale trial, based on

---

* An amendment to the local rules of this district would be an excellent (and preferred) method by which to inform members of the bar of their obligation to notify pro se litigants of the possible results of a summary judgment motion, and this court has forwarded a copy of this entry to the committee currently considering amendments to the local rules. Until such time as an amendment is adopted, however, this entry will serve as notice to the private bar of this district that it would be helpful if summary judgment motions filed with this judge in cases that involve a pro se litigant were accompanied by a notice that complies with *Lewis v. Faulkner.*

the evidence presented in the affidavits and documents attached to its motion. Any factual assertion in the defendant's affidavits will be accepted by this Court as being true unless you, John Timothy Signer, submit your own affidavits or other documentary evidence contradicting the assertion. Your failing to respond in that way would be the equivalent of failing to present any evidence in your favor at a trial.

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment, and that Rule must be complied with by you in submitting any further response to the defendant's motion. Rule 56 provides in part:

> (c) ... The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, how that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

> (e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

Fed.R.Civ.P. 56 (emphasis added).

Having now been notified of the meaning of a motion for summary judgment, its possible effects on the plaintiff's case, and the plaintiff's right to submit affidavits or other documentary evidence in opposition to the motion, the plaintiff is ORDERED to submit any additional evidence within 20 days from the date of this order.